GRANT LUNCH CORPORATION, APPELLANT, v. MUNIC-
IPAL BOARD OF ALCOHOLIC BEVERAGE CONTROL
OF THE CITY OF NEWARK, AND WILLIAM HOWE
DAVIS, *ETC.*, RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued December 5, 1960—Decided December 27, 1960.

554

Before Judges CONFORD, FREUND and KILKENNY.

*Mr. Daniel G. Kasen* argued the cause for appellant (*Messrs. Kasen, Schnitzer and Kasen,* attorneys).

*Mr. David M. Satz, Jr.,* Assistant Attorney General, argued the cause for respondent Division of Alcoholic Beverage Control (*Mr. David D. Furman,* Attorney General, and *Mr. Samuel B. Helfand,* Deputy Attorney General, attorneys).

The opinion of the court was delivered by

CONFORD, S. J. A. D. This is an appeal from a decision of the State Director of the Division of Alcoholic Beverage Control sustaining the action of the respondent Newark board, which found the appellant guilty of selling and serving beer to a person "actually or apparently intoxicated," in violation of a regulation of the Division, and suspended its retail liquor license for 20 days. The offense is alleged to have occurred August 23, 1957.

The adjudication by the Newark board against the appellant was based substantially upon the testimony of three investigators of the Division to the effect that one Bannon was served beer at appellant's premises in Newark at a time when he was actually or apparently intoxicated. Each of the agents testified as to the details of Bannon's appearance, showing such classic indications of intoxication as incoherence of speech, use of profanity, unsteadiness on feet, bloodshot eyes and dishevelment of person. Their testimony was corroborated by that of a Newark police surgeon who examined Bannon shortly after the occurrence complained of, and who was told by Bannon that he had been drinking for several days. The licensee adduced testimony purporting to show that Bannon was not intoxicated.

At the hearing before the Newark board, appellant demanded that the State Director produce written reports which had been filed concerning the incident by the three investigators. The Director refused to make these reports available under a departmental policy treating such reports as confidential.

On appeal, there was a hearing *de novo* before a hearer sitting for the Director, and the agents testified again, this time at the call of appellant, the respondent having submitted on the transcript before the Newark board. Their testimony in substance accorded with that which they had given before. The appellant offered testimony of the bartender, night manager and general manager of its place of business to the effect that Bannon was, to all appearances, sober at the time he was served the beer. The hearer refused a request of appellant to give it access to the reports filed by the investigators. At the conclusion of the case the hearer filed a report in which he concluded that "the testimony of the agents clearly establishes that the licensee permitted the sale of alcoholic beverages to and the consumption of such beverages by a person actually, or apparently, intoxicated." The hearer also found that the testimony of the agents respecting the material facts had "remained unshaken," notwithstanding "exhaustive cross-examination." The Director concurred in the findings and conclusions and adopted the hearer's recommendation that the action of the Newark board be affirmed. Pending this appeal the penalty has been stayed.

While the present appeal from the action of the Director was pending, and after the filing of appellant's original brief, this court, on the application of the Director, ordered a remand for the purpose of permitting the appellant to see the reports and to cross-examine the agents on the basis thereof. See *State v. Hunt*, 25 *N. J.* 514, 524 (1958). The failure to allow access to the reports had been one of two grounds of appeal raised by appellant in its original brief. Pursuant to the order, the reports were made available to

appellant, and further hearings were held. But appellant's cross-examination of the agents went beyond what the hearer deemed the scope of the order for remand, and was disallowed to that extent. We subsequently denied a motion by the appellant designed to compel a broader scope of cross-examination of the agents than was being permitted by the hearer.

Pursuant to our order, a supplemental report was filed by the hearer, stating:

"It is apparent that no additional testimony was offered by appellant relevant to the meritorious issue based on any disclosures gained from the reports and the cross-examination. I have reviewed the testimony of the investigators and read their reports and I find no inconsistencies which could in any way alter the findings set forth in my original report. Disregarding the testimony of McDermott, the testimony of West and Cooper respecting Bannon's slovenly appearance, bloodshot eyes, incoherent speech, profanity and unsteadiness on his feet, evidences the fact that the man was apparently, if not actually, intoxicated and, also, that while in that condition, he was served alcoholic beverages by the bartender. It has been clearly established, therefore, that appellant was guilty of violating Rule 1 of State Regualtion No. 20.

I recommend, therefor [*sic*], that the determination of the Director entered on April 23, 1959 remain undisturbed."

The director approved and adopted the supplemental findings, conclusion and recommendation of the hearer.

On the present appeal the appellant's briefs, original and supplemental, deliberately forego any attack on the sufficiency of the evidence before the Director to establish its guilt of the offense charged, but rely entirely on the arguments that (1) the reports had not, but should have been produced before the Newark board for defendants' use in cross-examination at that time; and (2) the Director assertedly made no findings of fact. The appellant argues that it has consequently been deprived of a fair hearing.

Appellant's oral argument expands somewhat on its position in the briefs. Without approving the practice, we deal with the broadened base advanced for its contentions.

## I.

Essentially, appellant argues it cannot be said to have been accorded due process unless the matter is remanded to the Newark board to be retried all over again; this time with the reports of the investigators in its hands for plenary use in cross-examination of them. We cannot agree. The original offense occurred almost three and one-half years ago. If appellant was guilty, the effective administration of the law in this sensitive field of police-power control has suffered inordinately by the delay in the application of appropriate penalties for that length of time. Of course, a licensee is entitled to a full and fair hearing of the merits of a charge of violation of A.B.C. regulations. But if, in the light of the evidence of its guilt in this record and the opportunities which have by now been afforded appellant to show the contrary, substantial justice appears to have been done, neither principles of administrative procedural fairness nor the salutary and expeditious enforcement of the liquor law would be served by permitting it to retrace this long-drawn-out litigation for purely technical reasons. And that is precisely what we think its demand amounts to.

Appellant was given an opportunity on the remand to cross-examine the agents (except one who was unavailable, out of the State) "on the basis of their reports and to offer additional testimony, relevant to the meritorious issues, on the basis of such disclosures, if any, as may be gained from the reports and the cross-examination." When the agents were produced at the hearing in the Division on remand, appellant confronted neither one with any inconsistency between his report and prior testimony or with a demand for explanation or clarification; nor did it pursue any other proper interrogative technique in relation thereto. Moreover, it did not undertake to examine them on anything contained in their reports—clearly the prime purpose of the remand. It sought only to launch a repetition of

the original extensive cross-examination on the basis of what was *not* contained in the reports. We think that the discretion of the hearer was not shown to have been abused in refusing to permit such a course, on the whole record presented and the terms of the order of remand.

Appellant stresses that before the Newark board the burden of proof was on the charging party, but on the appeal, under regulations of the Director, the burden of establishing error below rested upon itself. Therefore, goes the argument, not having access to the reports in the first instance, and before the initial determination of guilt, caused it irreparable harm. In a weaker incriminatory case this argument might have weight. In the present case the objection is more theoretical than real. The nature of the proofs and the treatment of and reaction to them by the hearer and Director, before and after the remand, do not indicate that decision of the merits of the case depended upon the allocation of the burden of persuasion, but rather upon what the Divisional officers regarded as the clear weight of the credible proofs. It is, of course, the proceeding before the Division which is the subject of this appeal. *Neiden Bar and Grill v. Municipal Bd., etc., of Newark,* 40 *N. J. Super.* 24, 29 (*App. Div.* 1956). Besides the opportunity of cross-examining the agents on their reports, appellant has, of course, had full opportunity to develop by argument any weakness in the charges by comparison of the reports with the agents' testimony. It has been accorded substantial procedural fair play. *Cf. Mackler v. Bd. of Education of Camden,* 16 *N. J.* 362 (1954).

## II.

Concededly, the findings and conclusions, original and supplementary, could have been more explicitly formulated in the Division. But we find no substantial departure from the requirements of administrative fact-finding enunciated by the authorities.

■ We do not here have the common situation of purely conclusionary ultimate findings (sometimes *quasi*-legislative in nature) framed in the language of a regulatory statute, and without findings of underlying basic facts supporting them. See, *e. g., Abbotts Dairies v. Armstrong,* 14 *N. J.* 319, 332 (1954) (fixing prices of milk); *N. J. Bell Tel. Co. v. Communications Workers, etc.,* 5 *N. J.* 354, 375–377 (1950) (determination of public utility wages by arbitration board); *cf. N. J. State Bd. of Optometrists v. Nemitz,* 21 *N. J. Super.* 18, 32–33 (*App. Div.* 1952) (penalizing "gross incompetence" of optometrist). Here the litigated issue before the administrative agency, and the only fact to be determined, was the actual or apparent intoxication of the man to whom liquor was concededly sold by appellant on the occasion in question. (Appellant has raised no question concerning "apparent intoxication" as a permissible standard.) While, in a sense, that fact is of a nature ordinarily conclusionary from evidence of the behavior of the subject, and, to that extent, subordinate findings as to underlying evidential facts might be helpful, they are not essential, as they would be in proceedings under regulatory statutes of the type involved in the cases cited above. *Cf. Freud v. Davis,* 64 *N. J. Super.* 242 (*App. Div.* 1960).

■ Administrative agencies are not ordinarily required to state their findings of "evidential" facts, see *Meeker v. Lehigh Valley R. Co.,* 236 *U. S.* 412, 427–428 (1915); *cf. Long Dock Co. v. State Board of Assessors,* 86 *N. J. L.* 592, 598 (*E. & A.* 1914); nor formulate "summaries of testimony," as distinguished from basic facts, 2 *Davis on Administrative Law* (1958), § 16.06, *p.* 450; *United States v. Pierce Auto Freight Lines,* 327 *U. S.* 515, 529, 66 *S. Ct.* 687, 90 *L. Ed.* 821 (1946). "The most reasonable and practical standard is to require that findings of fact be sufficiently specific under the circumstances of the particular case to enable the reviewing court to intelligently review an administrative decision and ascertain if the facts

upon which the order is based afford a reasonable basis for such order." *N. J. Bell Tel. Co. v. Communications Workers, etc., supra* (5 *N. J.*, at *p.* 377). So judged, the present original and supplementary findings and conclusions, taken together, are entirely adequate (assuming findings of criteria of intoxication were necessary). By unmistakable implication, if not substantially expressly, the agency found Bannon to have had or shown "slovenly appearance, bloodshot eyes, incoherent speech, profanity and unsteadiness on his feet." These findings obviously supported the conclusion or fact (whatever the approach taken) of actual or apparent intoxication.

Order and determination affirmed. The stay is vacated.