99 N.J. Super. 196 (1968)
239 A.2d 28
DIVISION OF ALCOHOLIC BEVERAGE CONTROL IN THE DEPARTMENT OF LAW AND PUBLIC SAFETY, PLAINTIFF-RESPONDENT,
v.
BRUCE ZANE, INC., TRADING AS SUBURBAN INN, A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 29, 1968.
Decided February 14, 1968.
*197 Before Judges GOLDMANN, KILKENNY and CARTON.
Mr. Frank M. Lario argued the cause for appellant (Mr. Joseph Pierce Lodge on the brief).
*198 Mr. Franklin D. Renkoff, Deputy Attorney General, argued the cause for respondent (Mr. Arthur J. Sills, Attorney General of New Jersey; Mr. Elias Abelson, Deputy Attorney General, of counsel).
The opinion of the court was delivered by CARTON, J.A.D.
Defendant tavern owner appeals from an order of the Director of the Division of Alcoholic Beverage Control suspending its plenary retail consumption license for 50 days for violation of Rules 1 and 24 of State Regulation 20. The suspension has been stayed pending this appeal.
Rule 1 prohibits a licensee from selling any alcoholic beverage to any person "actually or apparently intoxicated." Rule 24 provides that no licensee shall permit "any actually or apparently intoxicated person to work in any capacity in and upon the licensed premises."
The issues in this case are essentially factual. Four investigators of the Division entered the defendant's establishment on December 23, 1963. Two of these investigators testified at the hearing before the Division. At about 10:20 P.M. they declared that there were approximately 20 persons in the 35 x 20 foot barroom, some sitting at tables or at the bar and others standing. Their testimony was to the effect that a number of the patrons and also one of the two women who were serving beverages had the appearance of being intoxicated.
Their testimony was clear as to the observed indicia of intoxication. An agent, in describing the five or six patrons positioned at the bar, testified:
"[T]heir eyes were glassy, faces flushed, they were disheveled, hair was mussed up, one fellow had a zipper jacket on that was unzippered, his shirt was out, he went to go in the men's room and bumped into a table or chair on his way to the men's room."
The agent identified one of the patrons who appeared to be intoxicated and described his conduct in some detail. A sample of the beverage seized from this patron was introduced *199 in evidence at the hearing. A chemical analysis showed that this sample contained alcohol suitable for beverage purposes.
The investigator, in describing the conduct and appearance of one of the persons serving beverages, said:
"[H]er face was flushed, her eyes were glassy, she stumbled behind the bar, when pouring drinks she spilled some on the bar, her hair was disheveled. * * * She walked and bumped into the bar, and when she was talking her words were running together, her speech was slurred. She attempted to sing."
This witness also averred that he saw her consume some drinks and that she appeared to be intoxicated. He testified further concerning her conduct: "First she poured it, she everflowed the glass, one time she missed the glass and it went on the bar."
On behalf of the licensee, several of the patrons who were present on the night in question insisted that they were not intoxicated and observed no one in the tavern in that condition. Testimony was also offered to the effect that the woman assertedly serving the customers with beverages had not, in fact, served anyone and that she was not intoxicated nor had the appearance of being so. The witnesses on behalf of the tavern owner also contradicted the testimony of the investigators on a number of other points.
On the basis of the evidence, the hearer who conducted the hearing found that the testimony of the agents had been presented in a direct and detailed manner and was not a fabrication, but was factual and credible. He found further that their detailed description of the woman who had been serving at the bar and of the several patrons "clearly established the observable manifestations of apparent or actual intoxication." After a full hearing before the Division, the Director concluded, upon the basis of the evidence, that the defendant-licensee was guilty on these charges.
It is evident that the resolution of the factual issues presented turns upon the credibility of the witnesses. From *200 our review of the record, there was substantial credible evidence to support the Director's determination and based upon the limited scope of our appellate review under such circumstances, we must affirm. Hornauer v. Division of Alcoholic Beverage Control, 40 N.J. Super. 501, 504 (App. Div. 1956); Butler Oak Tavern v. Division of Alcoholic Beverage Control, 20 N.J. 373 (1956).
Defendant further argues that Rules 1 and 24 are invalid because of the use of the words "apparently intoxicated." Defendant's claim is that the words are vague and do not adequately define the conduct intended to be proscribed. On this basis defendant appears to claim that these rules are "fundamentally unfair." A similar point was mentioned, but not decided, in Freud v. Davis, 64 N.J. Super. 242 (App. Div. 1960) and Grant Lunch Corporation v. Municipal Board of Alcoholic Beverage Control, 64 N.J. Super. 553 (App. Div. 1960). In the present case we are satisfied that the evidence before the Director fully justified the conclusion that the individual charged with serving the drinks and other patrons in the bar were "actually intoxicated," as well as "apparently intoxicated." It is therefore not strictly necessary to pass upon this question. Nevertheless, we deem it desirable to do so.
The Legislature has lodged in the Director the responsibility for insuring the "fair, impartial, stringent and comprehensive administration" of the Alcoholic Beverage Law R.S. 33:1-23. As the court commented in Butler Oak Tavern v. Division of Alcoholic Beverage Control, 20 N.J. 373, 385 (1956):
"The statute as a whole is intended to be remedial of abuses inherent in liquor traffic, R.S. 33:1-73, and the discretion of the Director is sufficiently broad to accomplish the purposes intended."
The rules here challenged are clearly in furtherance of that objective. We find nothing ambiguous, vague or unfair in them. They are directed to the possessors of retail consumption licenses and those in their employ  persons who *201 by reason of their occupation may fairly be deemed to possess a certain expertness in this field of endeavor. Indeed, whether a man is sober or intoxicated is a matter of common observation not requiring any special knowledge or skill. See Castner v. Sliker, 33 N.J.L. 95 (E. & A. 1868); State v. Shiren, 9 N.J. 445, 455 (1952); State v. Guerrido, 60 N.J. Super. 505, 511-512 (App. Div. 1960).
When used in conjunction with the words "actually intoxicated," we believe the language challenged provides a sufficiently understandable description of the conduct of persons to whom sale of alcoholic beverages is forbidden. The term "apparently" refers to the observable manifestations or symptoms of excessive indulgence in alcoholic beverages. It portrays a person so far under the influence of alcoholic beverages that his conduct and demeanor have departed from the normal pattern of behavior. To require proof that the patron is "actually intoxicated" may well place an undue burden upon the Director in carrying out the legislative mandate. Nor does this language place the tavern keeper or his employees in any dilemma by being compelled to make a doubtful decision. They may always make suitable inquiries when a person appears to be intoxicated to verify either that he is intoxicated or has reached a point where he ought not to be served alcoholic beverages.
Nor do we find any merit in defendant's further contention that reversible error was committed in the administrative hearing by permitting the president and principal shareholder of the defendant corporation to act as its representative at the hearing, not only in giving testimony, but also in cross-examining witnesses. This contention is based upon R.R. 1:12-1 (e) which prohibits a corporation from appearing "in any court of this State except through an attorney."
Zane appeared voluntarily at the hearing and participated actively in his own interest and on behalf of his own corporation. Neither he nor the corporation, after having had the benefit of that activity and after having gambled on its *202 successful outcome, may now for the first time question its propriety on appeal. Jardine Estates, Inc. v. Koppel, 24 N.J. 536, 541 (1957). The following quotation from Jardine Estates is singularly apposite:
"We have difficulty in subscribing to an interpretation of the rule which renders a judgment void, instead of merely voidable at the option of the opposing party, when a corporation illegally appears through its agent. There is no reason why the prevailing party should have to try the authority of the corporate representative as well as his own case. See Schifrin v. Chenille Mfg. Co., 117 F.2d 92 (2 Cir. 1941). There is little justification for granting the relief sought here when the court was induced by the plaintiff in interest to permit Mr. Samurine to proceed in its behalf without being obliged to secure a licensed attorney. * * *"
Moreover, the rule, by its terms, is applicable to courts of this State. The hearing involved was conducted by an administrative agency and not by a court. Consequently, the rule has no application in this case. Cf. Mulhearn v. Federal Shipbuilding and Dry Dock Company, 2 N.J. 356 (1949).
Affirmed.