The UNITED STATES, Plaintiff,

v.

PRIORITY PRODUCTS, INC., Walter L. Huss and Rosalie E. Huss, Defendants.

Court No. 84–9–01311.

United States Court of International Trade.

Aug. 7, 1985.

Richard K. Willard, Acting Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, and Platte B. Moring, III, Civ. Div., U.S. Dept. of Justice, Washington, D.C., for plaintiff.

Ronald Brent Boutwell for defendants.

### Opinion and Order

RESTANI, Judge:

This matter is before the court on plaintiff's Rule 12(f) motion to strike defendants' Rule 38 demand for a jury trial and defendant's Rule 39 motion for jury trial. Jurisdiction is based on 28 U.S.C. § 1582(1).

### I. Background

On September 21, 1984, the United States filed suit against Priority Products, Inc., Walter L. Huss, Rosalie E. Huss, and the merchandise in question. The United States is seeking to recover penalties stemming from the alleged fraudulent or negligent importation of bark tea into Portland, Oregon, after the tea was refused entry in San Francisco, California. On October 15, 1984, Walter L. Huss and Rosalie E. Huss answered *pro se* and mailed their "Answer and Claim of Property" to plaintiff's attor-

ney.[1] The defendants' answer was signed by Walter L. Huss and Rosalie E. Huss "(f)or Priority Products and themselves."

On February 26, 1985, plaintiff filed its "First Amended Complaint." This amended complaint was virtually identical to the original complaint except that the *in rem* charges were omitted. The amended answer was filed on April 30, 1985.[2] The amended answer, which was signed by defendants' counsel, alleges legal defenses not spelled out in the *pro se* answer, specifically estoppel and lack of due process. A claim for attorney's fees was also added.

On May 1, 1985, the defendants filed a Rule 38 demand for a jury trial, which plaintiff seeks to strike as untimely. On July 30, 1985 defendants filed Rule 39(b) and (c) motions for a jury trial.

## II. Rule 38 Demand

 Court of International Trade Rule 38(b) provides:

> Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue.

The failure of a party to serve a timely demand constitutes a waiver of trial by jury. Court of International Trade Rule 38(d). Waiver by failure to make a timely demand is complete even though it was inadvertent and unintended and regardless of the explanation or excuse. *See Bush v. Allstate Insurance Co.*, 425 F.2d 393, 396 (5th Cir.), *cert. denied*, 400 U.S. 833, 91 S.Ct. 64, 27 L.Ed.2d 64, *reh'g denied*, 400 U.S. 985, 91 S.Ct. 364, 27 L.Ed.2d 397 (1970); *Walton v. Eaton Corp.*, 563 F.2d 66, 71 (3d Cir.1977); *Cardio-Medical Associates, Ltd. v. Crozer-Chester Medical Center*, 95 F.R.D. 194, 196 (E.D.Pa.1982).

Defendants argue that both the individual and corporate defendants have a right to a jury trial because the jury demand was made within ten days of the last pleading as to the issues in the case. They claim that the last pleading was their amended answer. Plaintiff, however, argues that the demand was not timely because the amended pleadings raised no new issues. Thus, plaintiff asserts that defendants waived their right to demand a jury trial by not making the demand within ten days of their *pro se* answer.

 Demand for a jury trial may be made within ten days after service of an amended answer, however, demand is proper only as to new issues addressed by the amended pleading. The amendment of a pleading does not revive a right, previously waived, to demand jury trial of issues already framed by the original pleadings. *See Walton v. Eaton Corp.*, 563 F.2d at 71; *Hostrop v. Board of Junior College District No. 515*, 523 F.2d 569, 581 (7th Cir. 1975), *cert. denied*, 425 U.S. 963, 96 S.Ct. 1748, 48 L.Ed.2d 208 (1976); *Western Geophysical Co. of America v. Bolt Associates, Inc.*, 440 F.2d 765, 769 (2d Cir.1971); *Roth v. Hyer*, 142 F.2d 227, 228 (5th Cir. 1944); *Cardio-Medical Associates, Ltd.*, 95 F.R.D. at 196. Defendants argue that the affirmative defenses and the request for attorneys fees in their amended answer constitute new and additional matters entitling them to a jury trial as to those new issues. The issue before the court is whether or not the amended answer raises any new issues subject to trial by jury which were not fairly raised in the original pleadings.

With regard to amended complaints, the term "new issues" means "new issues of fact" and not "new theories of recovery." *Fredieu v. Rowan Companies, Inc.*, 738 F.2d 651, 653 (5th Cir.1984); *Guajardo v.*

---

**1.** The defendants' answer was not filed with the Court of International Trade. As the answer was *pro se* and plaintiff received a copy of the answer, the court will treat the *pro se* answer as filed. Court of International Trade Rules 1 and 5(e).

**2.** The amended answer was filed out of time. Plaintiff's counsel, however, consented to late filing on April 24, 1985. The court accepted the answer without the filing of a formal motion for extension of time.

*W.J. Estelle,* 580 F.2d 748, 753 (5th Cir. 1978); *see Trixler Brokerage Co. v. Ralston Purina Co.,* 505 F.2d 1045, 1050 (9th Cir.1974). An analogy can be made to amended answers; the term new issues means new issues of fact and not merely new legal theories of affirmative defenses. Here, no new issues of fact are raised. Defendants' amended answer spells out new legal theories supporting affirmative defenses and a claim of lack of jurisdiction, but the issues of fact underlying all of the defenses were set forth in the original pleadings.[3] Thus, defendants waived their original right to demand a jury trial by not making a demand within ten days of their *pro se* answer. Because the amended complaint and answer raised no new issues, no new right to a jury trial was created.

Defendants argue that all defendants have a right to serve a demand for a jury trial until ten days after *all* parties have answered. Specifically, they assert that the corporate defendant did not answer by means of the *pro se* answer, because a corporation may be represented in court only by an attorney admitted to practice before the court. Thus, defendants assert that the *pro se* answer was not an appearance by the corporate defendant and that the corporate defendant's first answer was its answer to the amended complaint. Jury demand was made within ten days of that answer.

■ The proposition that a corporation may be represented in court only through an attorney at law is widely supported. *Beddy G. Cury, Curly Top, Inc. v. United States,* 85 Cust.Ct. 120, 121, C.R.D. 80–12 (1980); *S. Stern, Henry & Co. v. United States,* 48 Cust.Ct. 430, 431, Abs. No. 66178 (1962), *aff'd,* 331 F.2d 310, 51 C.C.P.A. 15, C.A.D. 830 (1963); *Osborn v. Bank of United States,* 22 U.S. (9 Wheat.) 738, 829–30, 6 L.Ed. 204 (1824); *In re Victor Publishers, Inc.,* 545 F.2d 285, 286 (1st Cir. 1976). These cases, however, are distinguishable from the case at hand. In all of the above cited cases the effect of the stated rule was detrimental to the corporation. In this case defendants seek to benefit from their failure to retain counsel. "(A) corporation will not be permitted to subsequently avoid an adverse decision because it appeared improperly by an agent and not an attorney-at-law." *Jardine Estates, Inc. v. Koppel,* 24 N.J. 536, 539, 133 A.2d 1, 4 (1957); *Division of Alcoholic Beverage Control v. Bruce Zane, Inc.,* 99 N.J.Super. 196, 199, 239 A.2d 28, 31 (1968); *American Sand and Gravel, Inc. v. Clark and Fray Construction Co.,* 2 Conn.Cir. 284, 285, 198 A.2d 68, 69 (1963); *Cohn v. Warschauer Sick Support Society Bnei Israel,* 19 N.Y.S.2d 742, 743 (1940), *appeal denied,* 259 App.Div. 914, 20 N.Y.S.2d 669 (1940); *cf. Schifrin v. Chenille Manufacturing Co.,* 117 F.2d 92, 94–95 (2d Cir. 1941).

■ In addition, when a corporation is the "alter ego" of an individual or is closely held, there is a narrow exception to the almost absolute rule requiring attorney representation of a corporation in litigation. Occasionally, the courts have held that a corporation may appear through an agent other than an attorney where the agent is a party to the action along with the corporation. Annot., 19 A.L.R.3d 1085 (1968). *See In re Holliday's Tax Services, Inc.,* 417 F.Supp. 182, 183–84 (E.D.N.Y.1976); *J.C. Engleman, Inc. v. Briscoe,* 172 Ark. 1088, 1091, 291 S.W. 795, 798 (1927). This case falls within this narrow exception. This closely held corporation will be held to the *pro se* answer filed by its agents, who also were parties to the action. Thus, the court finds no ground for avoidance of the waiver of the right to a jury trial.

### III. Rule 39 Motion

■ Following the oral granting of plaintiff's motion to strike the jury demand, the defendants made a Rule 39(b) motion for

---

**3.** The request for attorney fees also involves the same issues of fact raised in the original complaint.

jury trial.[4] Notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues. Court of International Trade Rule 39(b).

█ When considering Rule 39(b) motions the court should consider: (1) whether the case involves issues which are best tried to a jury; (2) whether granting the motion would result in a disruption of the court's schedule or that of the adverse party; (3) the degree of prejudice to the adverse party; (4) the length of delay in having requested a jury trial; and (5) the reason for the movant's tardiness in requesting a jury trial. *Parrott v. Wilson,* 707 F.2d 1262, 1267 (11th Cir.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 344, 78 L.Ed.2d 311 (1983), *cf. Merritt v. Faulkner,* 697 F.2d 761, 767 (7th Cir.1983). *Contra Noonan v. Cunard Steamship Co.,* 375 F.2d 69, 70–71 (2d Cir.1967), *criticized in Cascone v. Ortho Pharmaceutical Corp.,* 94 F.R.D. 333, 336–339 (S.D.N.Y.1982), *aff'd,* 702 F.2d 389 (1983).

█ First, defendants' motion has caused no disruption to either the court's or the plaintiff's schedule. The right to a jury trial was an open issue in this action long before the trial date was set. The court and all parties were aware of the potential nature of the trial. Second, the prejudice to the plaintiff in terms of trial and witness preparation is minimal for the same reasons. Third, the length of delay in requesting a jury trial is also insignificant in the context of this case. The Rule 38 demand was made within one day of the amended answer. Although this was five months late, it was almost four months in advance of trial. On the other hand, the Rule 39(b) motion was made thirteen days before trial. It is true that defendants might have made that motion earlier, but plaintiff's counsel did suggest that the Rule 39 motion be taken up separately from the Rule 38 motion. Defendants promptly filed their Rule

39 motion after the motion to strike the Rule 38 request was granted orally. In addition, the reason for the initial tardy jury demand was undoubtedly due to the *pro se* nature of the first answer. *Pro se* litigants should be permitted some latitude. *See Tyler v. Donovan,* 3 CIT 62, 66, 535 F.Supp. 691, 694 (1982).

In this case, however, the single most important factor to be considered in connection with the motion for jury trial is whether the issues to be tried are suitable for trial by jury. As the court understands the issues for trial as described by the parties, the subjective intent and knowledge of the defendants when importing the subject tea is the primary issue for trial. These are appropriate matters for jury decision-making. If, however, the issues as presented at the pretrial conference appear unsuitable for jury deliberation, the court will reconsider its decision on the Rule 39(b) motion.

### IV. Conclusion

Accordingly, plaintiff's motion to strike defendants' demand for a jury trial is granted because defendants failed to make a timely jury demand and defendants' Rule 39(b) motion for jury trial is granted, subject to the delineation of the issues at the pre-trial conference.

---

**4.** Defendants' Rule 39(c) motion for an advisory jury is moot due to the granting of the Rule

39(b) request.