**MID–CENTRAL/SYSCO FOOD SERVICES, INC., Plaintiff,**

v.

**REGIONAL FOOD SERVICES, INC. and Virgil Thurston d/b/a Colonial Inn d/b/a Hitchin Post d/b/a Tara Plantation d/b/a Grand River Landing d/b/a Thurston's Food and Catering d/b/a The Missourian, Defendants.**

Civ. A. No. 90–2382–V.

United States District Court,
D. Kansas.

Jan. 22, 1991.

Sheldon R. Singer, Berman & Singer, P.A., Prairie Village, Kan., for plaintiff.

Regional Food Services, Inc., pro se.

Virgil Thurston, Moberly, Mo., pro se.

MEMORANDUM AND ORDER

VAN BEBBER, District Judge.

Plaintiff Mid–Central/Sysco Food Services, Inc. ("Mid–Central/Sysco") has brought suit against defendants Regional Food Services, Inc. ("Regional Food Services") and Virgil Thurston contending that defendants have failed to pay an outstanding balance for goods, wares, merchandise, and/or ser-

---

**368**

vices allegedly delivered to defendants in Missouri.

The case is now before the court on plaintiff's motion to strike defendants' motion to dismiss insofar as it pertains to defendant Regional Food Services (Doc. 9). Defendants have responded and oppose this motion (Doc. 11). For the reasons set forth below plaintiff's Motion to Strike (Doc. 9) is granted.

On November 19, 1990, defendant Regional Food Services, by and through its president, Virgil Thurston, and defendant Virgil Thurston entered their appearance in this case *pro se* for the special purpose of contesting jurisdiction. On this same date, defendants filed *pro se* a motion to dismiss the case pursuant to various subsections of Fed.R.Civ.P. 12(b). The motion to dismiss was signed by Virgil Thurston both as an individual and in his capacity as president of Regional Food Services. Plaintiff has now moved this court to strike defendants' motion to dismiss insofar as it pertains to defendant Regional Foods Services alleging that Virgil Thurston is not an attorney at law and thus cannot appear on behalf of Regional Food Services.

██ Defendants acknowledge that the general rule is that a corporation may be represented in court only through an attorney at law. *See, e.g., Flora Constr. Co. v. Fireman's Fund Ins. Co.,* 307 F.2d 413 (10th Cir.1962), *cert. denied,* 371 U.S. 950, 83 S.Ct. 505, 9 L.Ed.2d 499 (1963). Moreover, it is uncontroverted that Virgil Thurston is not an attorney. However, defendants argue that the court should adopt a narrow exception to the general rule above. This narrow exception would provide that a corporation which is the "alter ego" of an individual or is closely held could appear through an agent other than an attorney where the agent is also a party to the action. *See United States v. Priority Products, Inc.,* 9 C.I.T. 392, 615 F.Supp. 593, 596 (1985).

The case cited by defendants above, however, is distinguishable from the case at hand. In *Priority Products,* the defendant corporation was attempting to benefit from the fact that it appeared improperly by an agent and not by an attorney. Therefore, the court permitted the corporation to file a *pro se* answer by its agents, who were also defendants in the case, in order to prevent the corporation from subsequently avoiding an adverse decision: the waiver of its right to a jury trial. In the case at hand, the court finds that requiring Regional Food Services to be represented by counsel will not permit the corporation to subsequently avoid any adverse decision. Therefore, the court finds that Regional Food Services' appearance by its president, Virgil Thurston, was improper and plaintiff's Motion to Strike is granted.

██ Finally, defendants request, alternatively, that the court appoint counsel to represent Regional Food Services "as the corporation is without funds to retain an attorney." Defendants' Brief in Opposition at p. 1. The court finds no authority which would support the appointment of counsel for Regional Food Services in this case and therefore declines to do so.

IT IS, THEREFORE, BY THE COURT ORDERED that plaintiff's Motion to Strike (Doc. 9) is granted.

IT IS FURTHER ORDERED that defendant Regional Food Services, Inc. enter its appearance in this case by an attorney at law.

IT IS SO ORDERED.