**In re Marion N. HARRISON, Debtor.**

**Bankruptcy No. 95–40730–13.**

United States Bankruptcy Court,
D. Kansas.

Aug. 23, 1995.

Bill Lytran, Kansas Collection Agency, Topeka, KS, pro se.

Joseph I. Wittman, Topeka, KS.

William H. Griffin, Trustee, Topeka, KS.

## ORDER DENYING MOTION TO RECONSIDER

JAMES A. PUSATERI, Chief Judge.

On July 27, 1995, the Court found that Bill Lytran and "Kansas Collection Agency" had violated the automatic stay imposed by 11 U.S.C.A. § 362(a) when the debtor filed for bankruptcy and pursuant to § 362(h), awarded the debtor $250 in attorney fees and imposed a fine of $150, payable to the Clerk of the Court, for the violation. The Court also denied a stay relief motion filed after the stay violation had occurred, but ordered the fee for filing the motion to be paid. Mr. Lytran and Kansas Collection Agency have now filed a motion to reconsider these rulings. They do not deny that after receiving notice that the debtor had filed a chapter 13 bankruptcy and after attending the first meeting of creditors and filing certain pleadings in the bankruptcy case, they filed a civil action against the debtor in the limited action division of the Shawnee County District

Court in an attempt to collect from the debtor a debt that arose before she filed for bankruptcy.

Although Mr. Lytran refuses to disclose whether he is an attorney and whether "Kansas Collection Agency" is a corporation, partnership, or sole proprietorship, he continues to file pleadings as a representative of "Kansas Collection Agency." In fact, in the motion to reconsider, he declares enigmatically that " 'Bill Lytran, Kansas Collection Agency' is the same as 'Bill Lytran, DBA Kansas Collection Agency, Inc.' " Thereafter proving there is much wisdom in the old adage, "A little knowledge is a dangerous thing," Mr. Lytran presents a number of unique arguments, relying on recognizable legal concepts but misapplying each. Of course, he cites no authority to support his theories, since there is none. He contends: (1) the state limited action court, not this Court, has jurisdiction to award attorney fees for the filing of the collection suit; (2) the fine (or punitive damages) awarded was excessive, apparently because it was greater than the fee for filing a bankruptcy for "any individual's corporate business"; (3) the Court should not have considered the stay relief motion on July 27 because the filing fee had not been paid and an earlier order had given additional time to correct this defect; (4) the premature denial of the stay relief motion precludes requiring the movant to pay the fee for filing the motion; (5) Mr. Lytran and Kansas Collection Agency are entitled to a jury trial before being ordered to pay punitive damages; and (6) "any statute prohibiting Bill Lytran DBA Kansas Collection Agency, Inc. from appearing in Court pro se is unconstitutional and shall be appealled [*sic* ]." The Court will briefly address these assertions.

■ Under 28 U.S.C.A. §§ 1334 and 157 and District of Kansas Rule 705, this Court has jurisdiction to hear any disputes concerning possible violation of the automatic stay imposed by 11 U.S.C.A. § 362(a). Subsection (h) of § 362 authorizes the Court to award attorney fees and other actual and punitive damages for a willful violation of the stay. The state court litigation was brought in violation of the stay and is void, so the state court could not have had jurisdiction to consider the debtor's request for attorney fees. *See Ellis v. Consolidated Diesel Electric Corp.,* 894 F.2d 371, 372–73 (10th Cir. 1990); 2 Collier on Bankruptcy, § 362.11 (15th ed. 1994); 2 Norton Bankruptcy Law & Practice 2d, § 36:4 at 36–12 (1994). The Court is not aware of any authority which limits the penalty for a stay violation to the amount the party guilty of the violation would have to pay to file for bankruptcy. In many cases, courts have imposed greater penalties than this Court did against Mr. Lytran and Kansas Collection Agency. *See e.g., Mountain America Credit Union v. Skinner (In re Skinner),* 917 F.2d 444 (10th Cir.1990) ($3,500 in damages and $4,721.12 in fees and costs); *Citizens Bank v. Strumpf (In re Strumpf),* 37 F.3d 155 (4th Cir.1994) ($500 in fees and costs, $375 in punitive damages, and $25 nominal damages); *Cuffee v. Atlantic Business and Community Corp. (In re Atlantic Business and Community Corp.),* 901 F.2d 325 (3d Cir.1990) ($1,500 in lost advertising revenue and $5,000 in punitive damages); *Knaus v. Concordia Lumber Co. (In re Knaus),* 889 F.2d 773 (8th Cir. 1989) ($270 in fees and $750 in punitive damages). The Court denied the first stay relief motion Mr. Lytran filed not only because of the procedural failure to pay the filing fee, but also because it failed on the merits. Since the fee is due upon filing the motion, the Court's ruling could have no effect on the movant's liability to pay it.

■ The Court imposed sanctions against Mr. Lytran and Kansas Collection Agency because it concluded they were guilty of civil contempt. The Court has since discovered that a contempt fine is considered civil if it either coerces the defendant into complying with a court order or compensates the complaining party for losses caused by the contemptuous conduct, but is a criminal fine if it is unconditional and to be paid to the court. *Hicks v. Feiock,* 485 U.S. 624, 632, 108 S.Ct. 1423, 1429–30, 99 L.Ed.2d 721 (1988); *International Union, United Mine Workers v. Bagwell,* 512 U.S. ——, —— –——, 114 S.Ct. 2552, 2558–59, 129 L.Ed.2d 642 (1994). In addition, 11 U.S.C.A. § 362(h), the provision the Court was relying

on when it imposed the fine, authorizes only sanctions payable to the party injured by the stay violation. Thus, the Court inadvertently imposed a fine for criminal contempt by directing the $150 to be paid to the Court. That order will be modified to direct the money to be paid instead to the debtor.

■ So far as the Court is aware, the only possible source for a jury trial right here is the United States Constitution. There is no right to a jury trial in a civil contempt proceeding. *Shillitani v. United States,* 384 U.S. 364, 370–71, 86 S.Ct. 1531, 1535–36, 16 L.Ed.2d 622 (1966); *United States v. Carroll,* 567 F.2d 955, 958 (10th Cir.1977). Even as a criminal sanction, the Court believes the fine imposed here was not so large as to invoke a constitutional right to jury trial. *See United Mine Workers v. Bagwell,* —— U.S. at —— n. 5, 114 S.Ct. at 2562 n. 5 (petty contempt may be tried without a jury, but although the Court has not yet specified what magnitude of contempt fine may constitute a serious rather than petty sanction, a $52 million fine unquestionably qualified as serious); *Muniz v. Hoffman,* 422 U.S. 454, 475–77, 95 S.Ct. 2178, 2190–91, 45 L.Ed.2d 319 (1975) ($10,000 fine imposed on labor union with 13,000 dues paying members qualified as petty contempt sanction). Consequently, no jury trial was required before the fine could be imposed.

■ Many years ago, the Tenth Circuit declared that the rule was well-established that a corporation can appear in a court of record only by an attorney at law. *Flora Construction Co. v. Fireman's Fund Ins. Co.,* 307 F.2d 413, 414 (10th Cir.1962), *cert. denied* 371 U.S. 950, 83 S.Ct. 505, 9 L.Ed.2d 499 (1963); *see also Mid–Central/Sysco Food Servs., Inc. v. Regional Food Servs., Inc.,* 755 F.Supp. 367, 368 (D.Kan.1991) (declining to adopt exception to general rule). In addition, 28 U.S.C.A. § 1654 provides:

> "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."

The Supreme Court recently made clear that under this statute, corporations, partnerships, associations, and any other artificial entities may appear in federal courts only through a licensed attorney. *Rowland v. California Men's Colony,* 506 U.S. —— —— n. 5, 113 S.Ct. 716, 721–22 n. 5, 121 L.Ed.2d 656 (1993). A person who is not a licensed attorney and attempts to represent another person or entity in court is engaging in the unauthorized practice of law. *See State ex rel. Stephan v. Williams,* 246 Kan. 681, 793 P.2d 234 (1990). Thus, both case law and a statute prevent this Court from allowing Mr. Lytran to represent Kansas Collection Agency unless it is his sole proprietorship, and not a corporation, partnership, or other separate entity. While there is a constitutional right to represent oneself in court, so far as this Court is aware, there is no such right to represent another person or entity.

For these reasons, the order sanctioning Mr. Lytran and Kansas Collection Agency is hereby amended to provide that the $150 fine is to be paid to the debtor rather than to the Court. The motion to reconsider is otherwise denied.

IT IS SO ORDERED.