**Jack TYLER, Vice President, Uaw 1660 Itt Hancock Industries, Plaintiff,**

v.

**Raymond J. DONOVAN, United States Secretary of Labor, Defendant.**

Court No. 81–6–00712.

United States Court of International Trade.

March 11, 1982.

Jack Tyler, pro se.

J. Paul McGrath, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Washington, D. C. (Francis J. Sailer, Washington, D. C., on motion), for defendant.

RE, Chief Judge:

In this action for worker adjustment assistance under the Trade Act of 1974, 19 U.S.C. § 2101 *et seq.* (1976), defendant moves to dismiss plaintiff's complaint for failure to commence the action within the prescribed sixty (60) day statute of limitations.

On May 15, 1980, plaintiff filed a petition with the Secretary of Labor for certification of eligibility for adjustment assistance benefits on behalf of the present and former employees of International Telephone & Telegraph Corporation, ITT Hancock Industries Division, Elsie, Michigan. Upon consideration of the petition, the Secretary determined that plaintiff was ineligible to apply for worker adjustment assistance, and, on January 27, 1981, published his determination in 46 Fed.Reg. 8805. Thereafter, by undated letter, postmarked February 28, 1981, plaintiff applied for administrative reconsideration of the Secretary's negative determination.

By letter dated March 12, 1981, the Secretary, through his designee, Marvin M. Fooks, Director, Office of Trade Adjustment Assistance, informed plaintiff that his application for reconsideration had been dismissed "for failure to allege sufficient grounds upon which a determination regarding the application may be made." The letter stated that the dismissal constituted a final determination for purposes of judicial review. It further informed plaintiff that he had sixty days from the date of receipt of the letter to file an action contesting the Secretary's negative determination "with the U. S. Court of International Trade in New York City (formerly the U. S. Customs Court)."

Plaintiff, acting *pro se*, endeavored to commence an action in this court. He mailed an undated letter in an envelope postmarked April 27, 1981, addressed as follows:

"U. S. Court of International Trade
New York City
New York
10001."

The Postal Service returned the letter to the plaintiff with the notation:
"RETURNED TO WRITER
INSUFFICIENT ADDRESS
NEW YORK, NEW YORK."

Plaintiff made a second effort to commence this action. Enclosing the first letter and envelope, he mailed a second undated letter in an envelope, postmarked May 27, 1981, addressed as follows:

"Customs Court
1st Federal Plaza
New York City, New York
10001."

The Office of the Clerk of this court, by letter dated June 3, 1981, informed plaintiff that his first undated letter fulfilled the requirements of a summons and complaint for the commencement of a civil action to review the Secretary of Labor's final determination. That letter also stated that the *filing* of the summons and complaint was deemed made on June 2, 1981, the date on which the court received plaintiff's second letter.

Subsequently, the defendant filed this motion to dismiss. Defendant maintains that the sixty-day statute of limitations, as prescribed in section 284(a) of the Trade Act of 1974, 19 U.S.C. § 2395(a), as added by the Customs Courts Act of 1980, Pub. L.No. 96–417, 94 Stat. 1727, 1746, began to run on March 12, 1981, the date of the mailing of the Secretary's denial of plaintiff's request for administrative reconsideration, and ran through May 11, 1981. Since plaintiff did not commence the present action until June 2, 1981, some eighty-two (82) days after the mailing of the March 12 letter, defendant contends that this court lacks jurisdiction to entertain plaintiff's request for judicial review.

The question presented is whether the statute of limitations commenced to run on March 12, 1981, the date of the mailing of the Secretary's letter dismissing plaintiff's application for administrative reconsideration, as contended by defendant, or whether further administrative action was required in order for the commencement of the statutory sixty-day period.

Citing *Microwave Communications, Inc. v. F. C. C.*, 515 F.2d 385, 389 (D.C.Cir.1974), Fed.R.App.P. 26(b), and *Pennsylvania v. I. C. C.*, 590 F.2d 1187, 1193 (D.C.Cir.1978), defendant contends that the sixty-day statute of limitations of section 284(a) for the filing of this action is "jurisdictional and unalterable." Defendant further contends that judicial review is precluded when an action is instituted beyond the statutorily prescribed period. *Id. See also Selco Supply Co. v. U. S. Environmental Protection Agency*, 632 F.2d 863 (10th Cir. 1980). Had the statute of limitations commenced to run on March 12, 1981, as contended by defendant, judicial review would be precluded. A careful review of the administrative record, however, reveals that the Secretary of Labor failed to comply with the applicable statute and regulations for the commencement of the statutory sixty-day period.

It is firmly established that an executive agency is bound to respect a valid regulation which, while in effect, "has the force of law." *United States v. Nixon*, 418 U.S. 683, 695, 94 S.Ct. 3090, 3100, 41 L.Ed.2d 1039 (1974). This is particularly true when the rights of individuals are affected. *Vitarelli v. Seaton*, 359 U.S. 535, 79 S.Ct. 968, 3 L.Ed.2d 1012 (1959).

Pursuant to 29 C.F.R. § 90.18(a) (1980), plaintiff filed an application for reconsideration of the Secretary's negative certification determination of January 27, 1981. The Secretary's letter of March 12, 1981 informed plaintiff that a negative determination was made on his application for reconsideration, and that the determination was final for purposes of judicial review.

Section 223(c) of the Trade Act of 1974, 19 U.S.C. § 2273(c) (1976), expressly requires that the Secretary of Labor, upon reaching a final determination on a petition for certification of eligibility, "shall promptly publish a summary of the determination in the Federal Register together with his reasons for making such determination." In furtherance of that duty, 29 C.F.R. § 90.18(e) of Labor's published regulations [1] specifically requires:

"Upon reaching a determination that an application for reconsideration does not meet the requirements of paragraph (c) of this section, the certifying officer shall issue a negative determination * * and *shall promptly publish in the FEDERAL REGISTER a summary of the determination*, including the reasons therefor. Such summary shall constitute a Negative Determination Regarding Application for Reconsideration. *A negative determination issued pursuant to this paragraph shall constitute a final determination for purposes of judicial review* * * *." (Emphasis added.)

The record in this case, however, fails to disclose any publication of the negative determination of the application for reconsideration. Hence, the Secretary has failed to comply with the publication requirements of the statute and regulations.

An action challenging the Secretary's final determination must be commenced pursuant to section 284(a) of the Trade Act of 1974, 19 U.S.C. § 2395(a) (1976), as added by the Customs Courts Act of 1980, "within sixty days after notice of such determination." Not only do the regulations (29 C.F.R. §§ 90.18(e) and 90.19(a) (1980)) require publication in the Federal Register, but the language of 29 C.F.R. § 90.19(a) makes it clear that the date of publication commences the running of the sixty-day statute of limitations. 29 C.F.R. § 90.19(a) explicitly states that the aggrieved party must seek judicial recourse "in the appropriate court [2] within sixty (60) days *after*

---

1. Section 248 of the Trade Act of 1974, 19 U.S.C. § 2320 (1976), authorizes the Secretary of Labor to prescribe regulations for the implementation of the provisions of the Act on worker adjustment assistance. *See* 29 C.F.R. §§ 90.1 *et seq.* (1980).

2. "[T]he appropriate court" is a reference to the United States courts of appeal. The Department of Labor has not amended this regulation to reflect the change in jurisdiction resulting from the Customs Courts Act of 1980. The court does not believe that this technical defect impairs the applicability of the regulation to the instant action. In fact, the court

*the notice of determination has been published in the Federal Register.*" (Emphasis added.)

The identical question was considered by the Court of Appeals for the Third Circuit in *Timex Components, Inc., Former Employees v. Marshall,* 672 F.2d 904 (3d Cir. 1981) (*per curiam*). In the *Timex Components* case, the court rejected the contention of both the petitioners and the Labor Department that the statute of limitations began to run as of the date of a letter from the Department informing petitioners of the Secretary's final determination.[3] The court held that the "language of the statute as well as the regulations" explicitly provides that the statute of limitations commences to run from the date of publication of the notice of a final determination in the Federal Register. *Timex,* Slip Op. at 3.

■ The defendant's contention, that the mailing of the March 12, 1981 letter is the operative fact for the commencement of the prescribed statute of limitations, must fail for an additional reason. 29 C.F.R. § 90.34 (1980) states:

> "Formal notice of a * * * negative determination shall be transmitted promptly to the group of workers concerned * * whenever such notices are published in the FEDERAL REGISTER."

From this regulation it is evident that the March 12 letter is the Secretary of Labor's informal method of informing plaintiff of his final determination. The letter does not serve as the notice required by the statute and the implementing regulations.

The March 12 letter incorrectly stated the date commencing the time period within which plaintiff could seek judicial review of the Secretary's negative determination on the application for reconsideration. The letter advised plaintiff that he had sixty days from the date of *receipt* of the letter to file an action with this court. That

statement, it may be observed, is inconsistent with defendant's assertion on this motion that the crucial date is the date of *mailing* of the letter. In any event, it is clear that both contentions contravene Labor's applicable regulation, 29 C.F.R. § 90.-19(a).

■ Since the Secretary undertook to inform plaintiff of the name and location of this court, he should have provided the plaintiff with the court's complete address and phone number.[4] The Secretary's letter should also have advised the plaintiff that further information regarding the commencement of an adjustment assistance action could be obtained from the Office of the Clerk, United States Court of International Trade. In view of the relatively short statute of limitations, this information would have reduced the likelihood of confusion, especially for those proceeding *pro se,* as in this case. The cost and administrative burden of conveying the additional information is minimal when compared with the benefits reaped by the parties and the court in devoting their efforts to the merits of the case rather than to procedural issues.

Since the Secretary of Labor failed to comply with the publication requirements of section 223(c) of the Trade Act of 1974 and 29 C.F.R. § 90.18(e), the sixty-day statute of limitations has not begun to run against the *pro se* plaintiff. Defendant's motion to dismiss is therefore denied.

Under the circumstances presented, however, the Secretary of Labor already has made his final determination; he has communicated it to the plaintiff; and the parties are now before the court. To order the Secretary to publish the required notice of his final determination would only exalt form over substance.

---

deems the regulation to require that judicial review be had in the Court of International Trade since it is the appropriate court.

**3.** The court noted that while the Labor Department adopted that position during oral argument, it took a contrary position in its brief.

**4.** United States Court of International Trade
1 Federal Plaza
New York, New York 10007
212–264–2800

For the foregoing reasons, and to obviate the additional expenditure of time and money in the commencement of a new action, in the interests of justice and sound judicial administration, the defendant is hereby ordered to file its answer no later than May 10, 1982.