VIRGINIA WASCHKO, LAURA VALENTI, and IRENE KUJAT, PLAINTIFFS *v.* RAYMOND J. DONOVAN, UNITED STATES SECRETARY OF LABOR, DEFENDANT

Court No. 82-9-01333

Before RE, *Chief Judge.*

(Dated December 28, 1982)

*Virginia Waschko, Laura Valenti* and *Irene Kujat, pro se.*
*J. Paul McGrath,* Assistant Attorney General; *David M. Cohen,* Director, Commercial Litigation Branch (*Sheila N. Ziff* on motion), for the defendant.

RE, *Chief Judge:* Plaintiffs challenge the Secretary of Labor's denial of certification of eligibility for trade adjustment assistance benefits under the Trade Act of 1974, 19 U.S.C. §§ 2101 *et seq.* (1976). The defendant has moved to dismiss this action for lack of jurisdiction on the ground that it has not been commenced within the prescribed sixty-day statute of limitations.

On June 18, 1981, plaintiffs filed a petition with the Office of Trade Adjustment Assistance, United States Department of Labor, on behalf of themselves and other present and former workers at Roselaine Dress, Inc. of Hazelton, Pennsylvania under section 221 of the Trade Act of 1974, 19 U.S.C. § 2271 (1976). Pursuant to an investigation initiated in response to the petition, the Secretary of Labor, in accordance with section 223(a) of the Trade Act of 1974, 19 U.S.C. § 2273(a) (1976), issued a negative determination regarding the certification of eligibility of plaintiffs to apply for adjustment assistance. Notice of the Secretary's final determination was published in the Federal Register on July 23, 1982 (47 Fed. Reg. 31980). Plaintiffs commenced this action on September 22, 1982, the date the summons and complaint were mailed to the clerk of the court by certified mail, return receipt requested.[1]

Section 223(c) of the Trade Act of 1974, 19 U.S.C. § 2273(c) (1976), requires that the Secretary of Labor, upon reaching a final determination on a petition for certification, promptly publish the determination in the Federal Register together with his reasons for making the determination. Pursuant to section 284(a) of the Trade Act of 1974, 19 U.S.C. § 2395(a) (Supp. IV 1980), an action to review the Secretary's determination is to be commenced "within sixty days after notice of such determination." The Department of Labor's regulations also require that:

> "[t]he party seeking judicial review must file for review * * * within sixty (60) days after the notice of determination has been published in the FEDERAL REGISTER." 29 C.F.R. § 90.19(a) (1981).

The unequivocal language of section 284(a) and 29 C.F.R. § 90.19(a) provides that the sixty-day statute of limitations commences from the date of publication in the Federal Register. See *Brunelle* v. *Donovan,* 3 CIT 76, (1982); *Tyler* v. *Donovan,* 3 CIT 62, 535 F. Supp. 691 (1982).

In the case at bar, the Secretary of Labor complied with his statutory duty under section 223(c) of the Trade Act of 1974 by publishing his final determination in the Federal Register on July 23, 1982. Since plaintiffs filed their action on September 22, 1982, sixty-one days after the date of publication of the notice, plaintiffs' cause of action was not commenced within the prescribed sixty-day period.

Accordingly, defendant's motion to dismiss is granted and plaintiffs' action is hereby dismissed.

---

[1] Rule 5(g) of the Rules of the United States Court of International Trade provides that:
"filing of any pleading * * * mailed by registered or certified mail properly addressed * * * to the clerk of the court, with the proper postage affixed and return receipt requested, shall be deemed * * * filed as of the date of mailing."