**FORMER EMPLOYEES OF USX CORPORATION, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Court No. 86–08–01077.**

United States Court of International Trade.

April 16, 1987.

Gary Allen, pro se.

Richard K. Willard, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Elizabeth C. Seastrum, Civil Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## OPINION

RESTANI, Judge:

Plaintiffs, one named and two unnamed former employees of USX corporation filed a petition for certification of eligibility to apply for trade adjustment assistance under the Trade Act of 1974, 19 U.S.C. §§ 2271–2395 (1982 & Supp. III 1985). The Director of the Office of Trade Adjustment Assistance, Department of Labor (OTAA) returned the petition without publishing a notice of final determination, and apparently, without publishing a notice in the Federal Register that the petition was received and an investigation initiated. In moving to dismiss plaintiff's challenge, defendant acknowledges that no investigation was ever conducted on the petition.[1] Defendant maintains that it acted properly in not conducting an investigation, however, because the petition was never properly filed.

Under the Trade Act of 1974, the Secretary of Labor has a duty to "conduct an investigation of each properly filed petition for certification of eligibility for trade adjustment assistance benefits; to publish notice that each petition has been received and an investigation initiated; and to publish a notice and summary of the final determination concerning each petition." *Woodrum v. Donovan,* 4 CIT 46, 55, 544 F.Supp. 202, 208–09, *reh'g denied,* 4 CIT 130 (1982). *See* 19 U.S.C. §§ 2271(a), 2273(c) (1982); 29 C.F.R. §§ 90.12, .16(c), .16(f) (1986). In order to set the Secretary's statutory obligations into motion, however, a petition must be properly filed. *Woodrum,* 4 CIT at 55, 544 F.Supp. at 208–09; *see* 19 U.S.C. §§ 2271(a), 2273(c); 29 C.F.R. § 90.12.

Defendant raises two grounds for refusing to accept the petition at issue. First the petition was only signed by one worker, in his individual capacity. Second, even if signed by the proper parties, the attempted

---

1. Defendant begins its argument by moving "[p]ursuant to Rule 12(b)(6) of the Rules of this Court" to dismiss plaintiff's challenge "for failure to state a claim upon which relief can be granted," and concludes "[f]or all of the reasons above, the Government respectfully urges the Court to dismiss Mr. Allen's action for lack of subject matter jurisdiction." Defendant's Motion to Dismiss at 1 & 8. C.I.T. Rule 12(b)(6) provides for neither of these two different grounds, but rather, for "failure to join a party under Rule 19." Defendant makes no argument regarding failure to join a party and the court assumes that defendant made an inadvertent reference to Fed.R.Civ.P. 12(b)(6). Since de-

fendant argues at pages 6–7, footnote 4 of its brief that the court should exercise jurisdiction despite the fact that no final determination was ever published in the Federal Register, *see Tyler v. United States,* 3 CIT 62, 66, 535 F.Supp. 691, 694 (1983) (stating that to require the Secretary of Labor to publish notice of his final determination "would exalt form over substance"), the court assumes that defendant intends its motion to be considered as one to dismiss "for failure to state a claim upon which relief can be granted," pursuant to C.I.T. Rule 12(b)(5), and not "for lack of subject matter jurisdiction," pursuant to C.I.T. Rule 12(b)(1).

filing was nevertheless untimely. Plaintiff does not appear to argue that his petition met the Secretary's filing requirements, but instead asserts that various other factors should be considered in determining the timeliness of the petition.[2]

The statute provides that a petition may be filed with the Secretary "by a group of workers or their certified or recognized union or other duly authorized representative." 19 U.S.C. § 2271(a); *see also* 29 C.F.R. § 90.11(a). The Secretary's regulations further provide that:

> Every petition filed with the Department shall clearly state the group of workers on whose behalf the petition is filed and the name(s) and address(es) of the person(s) by whom the petition is filed. Every petition shall be signed by at least three individuals of the petitioning group or by an official of a certified or recognized union or other duly authorized representative.

29 C.F.R. § 90.11(b).

The petition at issue, which lists Mr. Gary Allen and two badge numbers as the petitioning workers, is signed only by Mr. Allen. The record does not indicate that Mr. Allen is an official of a certified or recognized union or other duly authorized representative.[3] Neither does the record indicate any attempt to amend the petition by supplying the names, addresses and signatures of the two additional workers, or to substitute another signature for Mr. Allen's, although Mr. Allen was apprised of the defect.[4]

The petition submitted by Mr. Allen does not satisfy the requirements of the statute. Standing alone, Mr. Allen is not "a group of workers." Furthermore, his capacity as a millwright does not entitle him to file a petition as the group's "certified or recognized union or other duly authorized representative." 19 U.S.C. § 2271(a). Although the statute does not specify what constitutes a group of workers, in common meaning a "group" is not one individual, and the legislative history refers to a group of at least three workers. S.Rep. No. 1298, 93d Cong., 2d Sess. 132, *reprinted in* 1974 Code Cong. & Ad.News 7186, 7274. In addition, the applicable regulation requires the signatures of three workers. The petition at issue not only lacks the two additional signatures, it lacks the names, addresses, telephone numbers, and dates of separation, of the other two petitioners as requested by the petition form.

The deficiencies of this petition go beyond inadvertent and technical omissions which may be overlooked.[5] In its present state, the petition lacks the force of a statement made by, or on behalf of a group of workers. The stature of the statements made by Mr. Allen is not enhanced by the mere addition of two badge numbers. Even if OTAA were more successful than Mr. Allen in locating the two workers whose badge numbers are listed on the petition, it would have no assurances that these workers would be willing to join Mr. Allen's petition, or stand behind its accura-

---

**2.** These factors include the various hardships faced by laid-off workers, the level of import restrictions on steel and the denial of an earlier petition for certification regarding employees of USX. In addition, plaintiff cites various statutory provisions which are unrelated to trade adjustment assistance or the United States Department of Labor.

**3.** The petition states that it is being filed in the petitioner's representative capacity as "millwright." Administrative Record at 7.

**4.** In a letter dated the same day as the petition, Mr. Allen explained to the Director of the OTAA that "on the petition you sent me I've included my badge # and two other employe[e]s['] badge numbers which I have yet [to] receive[ ] the information on. I have another copy of the petition if I receive that information from U.S.

Steel union then I will forward that to you. [I]f not it can be obtained either at U.S. Steel or the union itself." Administrative Record at 5. Approximately one week later the Director advised Mr. Allen that, *inter alia*, the petition would not be accepted without the requisite signatures. Administrative Record at 10. There is no indication in the record of any attempt to forward the names, signatures or other information regarding the other two workers.

**5.** Although the legislative history of the Trade Act of 1974, S.Rep. No. 1298, 93d Cong., 2d Sess. 131–32, *reprinted in* 1974 Code Cong. & Ad. News 7186, 7273–74, indicates that the petitioning process is to be streamlined, certain minimal requirements must be met.

cy. *See* 29 C.F.R. § 90.11(b) ("Signing of a petition shall constitute acknowledgement that each signer has read the entire petition, that to the best of the signer's knowledge and belief the statements therein are true, and that each signer is duly authorized to sign such a petition.").

■ Furthermore, although plaintiff did not request such relief, one might argue that the court should exercise its equitable jurisdiction to order the acceptance of a corrected petition. Assuming *arguendo* that such a petition would relate back to the original "filing" date, so as to protect against the effects of any limitations period, the court would not exercise such jurisdiction. First, as indicated, plaintiff has never stated that he is able to comply with the statutory or regulatory filing requirements, and the record indicates that in all likelihood he would have secured the additional signatures had he been able to do so. Second, to allow a correction to be submitted at this late date in a case where plaintiff had a much more timely opportunity to correct his error does not further the goals of the statutory scheme. *See Former Employees of Westmoreland v. United States*, 10 CIT ——, 650 F.Supp. 1021, 1024 (1986) (discussing the legislative goal of prompt return to the work force and the targeting of benefits to accomplish this goal).

The statute does not require the Secretary to commence an investigation at the request of a single worker acting in an individual capacity. The court therefore finds that the Secretary has acted properly in refusing to commence an investigation, where the petition was not filed and endorsed by a *group* of workers or their representative and where the petitioner was advised of the omission in a timely fashion.

The Secretary further argues that it properly refused to accept the petition because Mr. Allen was fired more than one year before the petition was "filed." [6] The

statute and regulations do not set forth a time period, *per se,* for the filing of petitions. Rather, they provide that a group certification, once granted, shall not apply to any individual members of the group who were separated more than 1 year before the filing of a petition. 19 U.S.C. § 2273(b) (1982). *See Former Employees of Travenol Laboratories, Inc. v. United States,* 11 CIT ——, Slip Op. 87–24 (March 9, 1987) [Available on WESTLAW, DCT database] (certain workers properly excluded from the Secretary's affirmative determination certifying a group, where such workers were separated more than one-year before the filing of the group's petition). While the one-year rule has been applied by this court to deny certification to an entire group, where every individual member of the group was fired more than one year before the filing of a petition, *see Former Employees of Westmoreland,* 650 F.Supp. 1021, it has not been applied to bar filing of a petition. It is the filing of a petition which sets in motion the verification and investigation of that petition and subsequent determinations of certification and individual eligibility. 29 C.F.R. §§ 90.-12, .15, .16. In most circumstances, to allow the Secretary to make determinations of eligibility before accepting petitions for filing would undermine the procedural protections afforded by the statute. *See, e.g., Woodrum,* 4 CIT at 54–55, 544 F.Supp. at 208–09.

Even if this court were persuaded that the Secretary could properly take into account the status of an entire group before accepting a petition for filing and verifying it, it is not clear what effect the ultimate eligibility of individual petitioning members of a group should have on the filing of a petition on behalf of the entire group. Since the petition in this case was not filed by a group of workers or their representative, there is no need to rule upon the ultimate eligibility of the sole petitioning worker or the effect an individual petitioning worker's eligibility has upon the filing

---

**6.** The record indicates that Mr. Allen was also advised of this view. Administrative Record at 10. One might argue that Mr. Allen might have lost incentive to file a petition in the proper form because of this advice. The record indicates, however, that Mr. Allen was not deterred from pursuing his case by this response.

of a petition. Defendant's motion to dismiss is granted.