FORMER EMPLOYEES OF GEOSEARCH, INC., PLAINTIFFS *v.* UNITED STATES, DEFENDANT

Court No. 87–07–00813

(Decided December 30, 1987)

*Eldon Stearns, pro se.*

*Richard K. Willard,* Assistant Attorney General; *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, Department of Justice *(Elizabeth C. Seastrum);* United States Department of Labor *(Gary Bernstecker).*

## MEMORANDUM OPINION AND ORDER

DiCARLO, *Judge:* The former employees of Geosearch, Inc. (plaintiffs) filed this action to contest the decision of the Secretary of Labor (Secretary) denying trade adjustment assistance under section 222 of the Trade Act of 1974 (Act), as amended, 19 U.S.C. § 2272 (1982 & III 1985). The government moves to dismiss pursuant to Rule 12(b)(6) of the Rules of this Court because the plaintiffs filed their action more than 60 days after the Secretary published notice of the denial in the Federal Register. The Court finds that the plaintiffs' action is barred under 28 U.S.C. § 2636(d) (Supp. III 1985) and accordingly grants the motion to dismiss.

## BACKGROUND

On December 18, 1986, the plaintiffs petitioned the Secretary for trade adjustment assistance. R.2. The Secretary mailed postcards to the three named petitioners, stating that their petition for trade adjustment assistance had been received, that the Office of Trade Adjustment Assistance had instituted a fact finding investigation on January 5, 1987, and that the former employees would be informed of the Secretary's decision when it was issued. R. 10–11.

On January 9, 1987 the Secretary denied the plaintiffs' application for trade adjustment assistance because the plaintiffs' firm did not produce an article within the meaning of the Act, but instead performed services for unaffiliated companies in the oil and gas industry. R. 25–27. As required by section 223(c) of the Act, 19 U.S.C. § 2273(c) (1982), the Secretary published notice of the denial in the Federal Register. 52 Fed. Reg. 6237, 6238 (Mar. 2, 1987), but did not give personal notice of the denial until June 15, 1987, after the time to bring an action in this Court had expired. R. 28–30. The formal notice provided to the plaintiffs was in a letter transmitted under 29 C.F.R. § 90.34 (1986). That regulation provides in relevant part that "[f]ormal notice of a * * * negative determination * * * shall be *transmitted promptly* to the group of workers concerned * * *." (emphasis added). After receiving the formal notice provided for under 29 C.F.R. § 90.34, one of the former employees filed an action in this Court on July 31, 1987.

OPINION

An action contesting the denial of trade adjustment assistance must be filed in this Court within 60 days of publication of the notice of denial in the Federal Register. 28 U.S.C. § 2636(d) (Supp. III 1985); 29 C.F.R. § 90.19(a) (1987). The plaintiffs did not file their action within 60 days of publication in the Federal Register. The plaintiffs argue, however, that this action should not be dismissed because the action was instituted in this Court within 60 days of the letter notifying them of the denial of trade adjustment assistance.

Our appellate court has characterized the "formal notice" of 29 C.F.R. § 90.34 as "simply a courtesy notice" which does not alter the 60 day period that commences with publication in the Federal Register. *Kelley* v. *Secretary, U.S. Dept. of Labor*, 812 F.2d 1378, 1380 n.3 (Fed. Cir. 1987) (citing *Tyler* v. *Donovan*, 3 CIT 62, 65–66, 535 F. Supp. 691, 194 (1982)). The 60 day period began on March 2, 1987 when the Secretary published notice in the Federal Register and expired before plaintiffs filed their action in this Court on July 31, 1987.

The Court is sympathetic to the plaintiffs who should have received the benefit of the Secretary's own regulations and who received postcards stating that they would be informed of the Secretary's determination when it was issued, but were not personally informed of the denial until after the time to file an action in this Court had expired. However, it is the role of Congress to change the law if they deem it advisable to avert this type of situation. This Court is without power to expand the terms upon which the United States has consented to be sued, and the *pro se* status of the plaintiffs does not remove them from the general rule on constructive notice. *Kelley*, 812 F.2d at 1380.

The action is barred under 28 U.S.C. § 2636(d) (Supp. III 1985). The motion to dismiss is granted.