LILLIAN COHEN, PLAINTIFF *v.* U.S. SECRETARY OF LABOR, DEFENDANT

Court No. 89-05-00277

OPINION

(Decided September 14, 1989)

*Lillian Cohen, pro se.*

*Stuart E. Schiffer,* Acting Assistant Attorney General; *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (*Velta A. Melnbrencis*) for the defendant.

AQUILINO, *Judge:* The plaintiff seeks judicial review of defendant's April 24, 1989 negative determination regarding eligibility to apply for worker adjustment assistance on the part of former employee(s) of North American Underwear, Inc. U.S. Department of Labor Employment and Training Administration file TA–W–22,640. The defendant has interposed a motion to dismiss this action for failure to state a claim upon which relief can be granted.

The Trade Act of 1974, as amended, provides that a

> petition for a certification of eligibility to apply for adjustment assistance * * * may be filed with the Secretary of Labor * * * by a group of workers * * * or by their certified or recognized union or other duly authorized representative.

19 U.S.C. § 2271(a). In conformity with this statute, the form Petition for Trade Adjustment Assistance submitted to the Department bore spaces for the names, addresses, telephone numbers and dates of separation of three persons. A printed instruction on the form stated:

> Who may file a petition—A petition may be filed by a group of three or more workers in a firm, or a subdivision thereof, or by their union or other duly authorized representative. The workers on whose behalf a petition is filed must be, or have been, employed regularly at the firm or subdivision identified in the petition. The workers' employment must be, or have been, related to the production of articles described in the petition.[1]

The petition herein was executed solely in the name of the plaintiff. The record contains a letter stating that, since she was a "Production Manager", she "was not part of a union nor [sic] a group of workers". AR at 4. Moreover, the record is devoid of any indication that the plaintiff was a "duly authorized representative". Nonetheless, the Department initiated an investigation, which

> revealed that the workers of the subject firm do not produce an article within the meaning of Section 222(3) of the Act. The * * * performance of services does not constitute production of an article, as required by Section 222 of the Trade Act of 1974; * * *. Therefore workers of the subject firm may be certified only if their separation was caused importantly by a reduced demand for their services from a parent firm, a firm otherwise related to the subject firm by ownership, or a firm related by control. In any case the reduction in demand for services must originate at a production facility whose workers independently meet the statutory criteria for certification and the reduction must directly relate to the product impacted by imports. These conditions have not been met for workers of the subject firm in this case. *Id.* at 26–27.

In support of the motion to dismiss, counsel for the defendant cite the above-quoted section of the Trade Act, as well as 19 U.S.C. § 2272, which sets forth the "group" eligibility requirements. In *Former Employees of USX Corporation v. United States,* 11 CIT 299, 301, 660 F. Supp. 961, 963 (1987), the court upheld a decision by the Department not to institute an investigation where a petition had been signed and filed by a lone worker, noting that it did

> not satisfy the requirements of the statute. Standing alone, Mr. Allen is not "a group of workers." Furthermore, his capacity as a millwright does not entitle him to file a petition as the

---

[1]Administrative record ("AR"), p. 3.

group's "certified or recognized union or other duly authorized representative." 19 U.S.C. § 2271(a). Although the statute does not specify what constitutes a group of workers, in common meaning a "group" is not one individual, and the legislative history refers to a group of at least three workers. S.Rep. No. 1298, 93d Cong., 2d Sess. 132 * * *. In addition, the applicable regulation requires the signatures of three workers. The petition at issue not only lacks the two additional signatures, it lacks the names, addresses, telephone numbers, and dates of separation, of the other two petitioners as requested by the petition form.

Here, the Department did proceed with an investigation and did render a determination on the merits. And a single worker has the statutory right to seek judicial review of such a determination in this Court of International Trade. *See* 19 U.S.C. § 2395(a) and 28 U.S.C. § 2631(d)(1). However, standing to prosecute this appeal is not synonymous with standing to achieve the substantive relief prayed for—under the Trade Act of 1974. Stated another way, the plaintiff had (and has) no standing to claim that relief[2], and defendant's motion to dismiss must therefore be granted.

Judgment will enter accordingly.

---

[2] The court notes in passing that, were there standing, review of the administrative record indicates that the Department's determination is supported by substantial evidence within the meaning of 19 U.S.C. § 2395(b).