**Tony J. NELSON, Plaintiff,**

v.

**UNITED STATES SECRETARY OF LABOR, Defendant.**

**Slip Op. 96–119.
Court No. 94–10–00630.**

United States Court of International Trade.

July 26, 1996.

Hodes & Pilon, (James L. Sawyer, Michael G. Hodes), Chicago, IL, counsel for plaintiff.

Frank W. Hunger, Assistant Attorney General; David M. Cohen, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (Nuriye C. Uygur); Annaliese Impink, Attorney Advisor, Office of the Solicitor, United States Department of Labor, of counsel, for defendant.

## OPINION AND ORDER

NEWMAN, Senior Judge.

Plaintiff, a former employee of VIC Manufacturing Company, seeks an order reversing the negative determination of the United States Department of Labor ("Labor") regarding a petition for certification on behalf of plaintiff and two others for trade adjustment assistance benefits pursuant to 19 U.S.C. § 2273. Defendant moves for dismissal of the action under Rule 12(b)(1) of the Rules of the United States Court of International Trade[1], asserting that the court lacks jurisdiction to consider plaintiff's claim because two of the three members of the group were separated from employment more than one year prior to the filing of the petition. Plaintiff responds that because one member of the group falls within the one year requirement, the jurisdiction of the court is properly invoked. For the following reasons defendant's motion is granted and the action is dismissed.

## BACKGROUND

On May 9, 1994 Tony J. Nelson, Raymond Menard and Roger Samuall filed a petition for trade adjustment assistance ("the petition") on behalf of workers at VIC Manufacturing Company ("VIC") under The Trade Act of 1974. 19 U.S.C. § 2271 *et seq.* Labor signed a Notice of Investigation on June 13, 1994. Upon conducting its investigation, Labor announced a "Negative Determination Regarding Eligibility To Apply for Worker Adjustment Assistance," and denied the petitioners' claim on August 15, 1994. Petitioners request for reconsideration was denied by Labor on September 19, 1994.

In a letter to this court dated October 15, 1994 plaintiff,[2] at the time *pro se,* sought

---

1. Rule 12(b)(1) provides in pertinent part:

   Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counter-claim, or third party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the opinion of the pleader be made by motion: (1) lack of jurisdiction over the subject matter . . .

   United States Court of International Trade, Rule 12(b)(1).

2. Defendant challenges the standing of Nelson to pursue this claim on behalf of the two other signatories of the petition. However, in conformity with section 2395 of the Trade Act of 1974, redress may be sought by "a worker, group of workers, certified or recognized union, or authorized representative of such worker or group aggrieved by a final determination of the secretary of Labor . . .," indicating that a single worker may petition this court for review as long as that worker is adversely affected. 19 U.S.C. § 2395(a); *see also, Lillian Cohen v. U.S. Secretary of Labor,* 13 CIT 762, 764, 1989 WL 107355 (1989) (After the Labor Department rendered a determination on the merits "a single worker has the statutory right to seek judicial review of such

judicial review of the adverse administrative determination. The Clerk of the Court accepted plaintiff's letter as fulfilling in principle the requirements of the summons and complaint seeking review of a final determination regarding certification of eligibility. With the consent of plaintiff, defendant sought a remand to conduct further investigations. On August 30, 1995 the court granted defendant's motion for remand and Labor subsequently conducted a supplemental investigation.

On January 29, 1996 defendant filed its supplemental administrative record which affirmed its prior negative determination. In addition to reaffirming its previous findings, Labor also stated that:

> [petitioners'] TAA petition [was] filed on behalf of the workers of VIC Manufacturing was dated May. 9, 1994. The date of worker separation for Tony Nelson, petitioner number 1, was January 29, 1993, and for Raymond Menard petitioner number 2, November 11, 1992. The third petitioner was within the scope of consideration. However, a valid petition must be signed by three affected workers. Mr. Nelson and Mr. Menard were separated from employment with Vic Manufacturing more than one year prior to the date of the petition was filed. The Trade Act does not give the Secretary authority to waive this statutory limitation.

(Supplemental Administrative Record, at 11–12). Accordingly, on February 23, 1996 defendant filed the instant motion for dismissal.

## DISCUSSION

The issue presented is whether the defendant may validly deny certification to a group when two of the three petitioners were separated from employment more than one year prior to the filing of the petition. The court has previously upheld a denial of certification of eligibility when the entire group had failed to file their petition within a year of separation from the firm. *Former Employees of Westmoreland v. United States,* 10 CIT 784, 650 F.Supp. 1021 (CIT 1986). The very issue raised by the instant matter was recently addressed in a case before the court. *See,*

a determination in this Court of International

*Pauling v. Reich,* 20 CIT ——, 930 F.Supp. 618 (1996). There, the court was faced with a petition which had been signed by three workers but two of the three had been dismissed from the firm more than a year before the petition was filed. Judge Musgrave concluded that "[t]his fact alone establishes that plaintiff's petition did not satisfy the statutory mandate that petitions be filed on behalf of a group of workers." *Id.* at 620. After reviewing *Pauling,* the statute, the regulations, other prior judicial decisions and arguments of both sides, the court finds that Labor's determination is reasonable and well supported.

"If a statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute." *Chevron v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 842–43, 104 S.Ct. 2778, 2782, 81 L.Ed.2d 694 (1983). With respect to the instant matter, the court must conclude that the Trade Act is ambiguous. Congress has not explicitly addressed whether every member of a three person group must be within the one-year filing requirement. Both the Trade Act, itself, as well as the corresponding regulations are silent regarding the question. Moreover, research reveals no helpful guidance contained in the Trade Act's legislative history to suggest a dispositive intent on this issue. Under these circumstances, when a statute is ambiguous, so long as the agency's interpretation of the statute it is charged to administer is reasonable, and does not contravene clearly discernable legislative intent, the agency's view will be sustained by the courts, even if that interpretation is not the only or most reasonable view of the statute. *Chevron,* 467 U.S. at 843 fn. 11, 104 S.Ct. at 2782 fn. 11; *Koyo Seiko Co., Ltd. v. United States,* 36 F.3d 1565, 1570 (Fed Cir.1994).; *Former Employees of CSX Oil and Gas Corp. v. United States,* 13 CIT 645, 650, 720 F.Supp. 1002, 1007 (CIT 1989) (when contemplating the Department of Labor's interpretation of its statutory responsibilities under worker adjustment provisions of the Trade Act, the court "must accord substantial weight to an

Trade").

agency's interpretation [of] a statute it administers, providing it is reasonable"). The court finds that Labor's interpretation of the statute is reasonable and should therefore be upheld.

Section 2271 of the Trade Act of 1974[3] provides, among other things, that "a group of workers" may file a petition seeking certification of eligibility for assistance. While the term "group" is statutorily undefined, Labor has promulgated a regulation requiring the petition "be signed by at least three individuals of the petitioning group." 29 C.F.R. § 90.11. The court has previously endorsed such a minimum requirement, repeatedly holding that a petition signed by a lone worker:

> does not satisfy the requirements of the statute. Standing alone, Mr. Allen is not "a group of workers." Furthermore, his capacity as a millwright does not entitle him to file a petition as the group's "certified or recognized union or other duly authorized representative." 19 U.S.C. § 2271(a). Although the statute does not specify what constitutes a group of workers, in common meaning a "group" is not one individual and the legislative history refers to a group of at least three workers. S.Rep. No. 1298, 93rd Cong., 2d Sess. 132, *reprinted in* 1974 Code Cong. & Ad.News 7186, 7274. In addition, the applicable regulation requires the signature of three workers.

*Former Employees of USX Corp. v. United States,* 11 CIT 299, 301, 660 F.Supp. 961, 963 (1987); *see also, Cohen v. United States Secretary of Labor,* 13 CIT 762, 763–64, 1989 WL 107355 (1989) (dismissing plaintiff's claim because the petition was filed by only one lone worker on her own behalf). Thus,

the law is well settled that a petition must be filed by at least three members of the group.

In the instant action three individuals signed and filed the petition. Of those three individuals, however, two were separated from their employment for more than one year prior to the filing of the petition[4]. Under section 2273(b)(1), only individuals who were separated within the year prior to the filing of the petition are eligible for certification[5]. Therefore, under the statute no persons named in a group may receive benefits if the petition filed on the group's behalf was even a single day beyond one year of their final separation. It has been noted that Congress was well aware of the rigid application of the one-year rule and apparently approved of such an application. The court, cognizant of legislative action in this area, stated:

> In considering and rejecting these numerous proposals [to relax the one-year filing requirement], Congress made it quite clear that it was aware that the one-year rule was being applied rigidly, resulting in the exclusion of entire groups of workers, as well as individuals, who were unaware of their eligibility. [citations omitted]. In light of the above, it is clear that the one-year rule standing alone, should continue to be applied according to Congress' explicit language and implicit ratifications.

*Former Employees of Westmoreland v. United States,* 10 CIT at 788, 650 F.Supp. at 1025.

As has been consistently held there is no possibility of waiving the one-year requirement regarding eligibility. *Lloyd v. United States Department of Labor,* 637 F.2d 1267, 1270–71 (9th Cir.1980) (applying the one year rule "as enacted" because that best conformed with legislative intent); *United*

---

3. The Act states in pertinent part:
   (a) A petition for a certification of eligibility to apply for adjustment assistance under this part may be filed with the Secretary of Labor ... by a group of workers or by their certified or recognized union or other duly authorized representative.
   19 U.S.C. § 2271(a). Plaintiff contends that he is part of a valid group and makes no claim that he is any "other duly authorized representative."

4. Tony Nelson, plaintiff in this action, was one of the two workers who filed more than one year after their final separation from VIC.

5. The statute provides:
   (b) A certification under this section shall not apply to any worker whose last total or partial separation from the firm or appropriate subdivision of the firm before his application under section 2291 of this title occurred—
   (1) more than one year before the date of the petition on which such certification was granted, or
   (2) more than 6 months before the effective date of this part.
   19 U.S.C. § 2273(b)(1) and (2).

*Mine Workers of America v. Brock,* 11 CIT 414, 664 F.Supp. 543, 544 (CIT 1987) (no possibility of waiver of the statutory requirement of filing within one year of separation); *Travenol Lab., Inc. v. United States,* 11 CIT 145, 146–147, 1987 WL 7894 (CIT 1987) ("in view of the congressional purpose and history of this provision and its proposed amendments, we must apply the one year rule as it was enacted" *quoting, Lloyd* ). Indeed, the court has upheld Labor's determination to deny certification to a petitioning group when each member of the group had been separated from employment more than one year prior to the filing of the petition. *Westmoreland,* 10 CIT at 787, 650 F.Supp. at 1022. Under Labor's current view of the statute, a petition filed by three workers, two of whom are ineligible for assistance, is analogous to a petition filed by merely one worker which cannot satisfy the group requirement.

■ Significantly, Labor's interpretation of the statute, that all three members of the petitioning group meet the one-year eligibility requirement as a prerequisite for certification, is consistent with the mandate set forth in the Trade Act. Section 2272(a) of the Trade Act states, "[t]he Secretary shall certify a group of workers as eligible to apply for adjustment assistance under this part" if all of the necessary criteria is established. Accordingly, the statute implicitly requires the Secretary to consider the group as a whole. Section 2273(a) instructs the Secretary to "determine whether the *petitioning group* meets the requirements of section 2272." 19 U.S.C. § 2273(a) (emphasis added). The statute, consequently, charges Labor with evaluating the group as a single entity rather than determining if any one individual member meets the statutory criteria. Since two of the three individuals who signed the instant petition may not be certified under any circumstances, those two individuals cannot be considered proper representatives of the petitioning group. Thus, notwithstanding the presence of three signatures on the petition, because of the absolute ineligibility of two of the three signatories, the court agrees that the petition in this case is tantamount to a petition filed by only one worker. As been previously stated, a single worker, even one who may otherwise fit the necessary criteria

for assistance, may not be considered a group. *Cohen,* 13 CIT at 764, 1989 WL 107355. On this basis, Labor's interpretation of the Act must be sustained as reasonable.

Secondly, Labor's interpretation of the Trade Act furthers the goals of the legislature. As can be determined from the legislative history and the Court's prior analysis of the Trade Act, it is clear that Congress intended that the Secretary consider a petition only when *more* than one worker was affected: The plain language of the statute utilizes the term group as opposed to a single worker; the court has found that "group" encompasses at least three individuals; and the relevant section of the Trade Act provides for certification only if the group, not any individual single member, meets the eligibility requirements. Hence, by virtue of the terminology chosen by Congress it appears that the intent was not to consider the status of one individual within the group to establish certification, but rather to look to the eligibility of the group as a whole. To require Labor to consider whether any single individual may be qualified would thwart the very requirement that the petition be filed by a group.

Such an interpretation is further supported by the fact that Congress was unmistakably precise as to when it intended rights or benefits to pertain to a single worker under the Trade Act. *See* 19 U.S.C. § 2395(a) (specifying that "*a worker,* group of workers, or recognized union ..." may seek judicial review of an adverse ruling by the Secretary) (emphasis added). "It is generally presumed that Congress acts intentionally and purposely when it includes particular language in one section of a statute but omits it in another." *Chicago v. Environmental Defense Fund,* 511 U.S. 328, ——, 114 S.Ct. 1588, 1593, 128 L.Ed.2d 302 (1994). When Congress articulated Labor's mandate regarding certification, it specifically used the term "group" and chose not to allow "a worker" to file a petition for certification. Under plaintiff's theory, as long as there were three signatures, the status of the individuals would be irrelevant as long as one person was not legislatively barred from being certified. This theory advanced by plaintiff simply cannot be

reconciled with the plain and unambiguous intent of Congress to preclude an individual, alone, from being able to obtain certification from Labor. Congress' failure to provide for "a worker" within 19 USC § 2271(a), as it did in 19 U.S.C. § 2395, is an additional indicator that one eligible worker is not sufficient to obtain certification for "a group of workers."

Finally, plaintiff's version of the proper statutory analysis of the statutes belies his position. In attempting to explain how the statute should be interpreted, plaintiff argues:

> The Act establishes a two-tier process under which dislocated American workers can apply for trade adjustment assistance. The first requirement toward obtaining trade adjustment assistance under the Act is the initial certification by the Secretary of the eligibility of a particular *group of workers* [citations omitted].

Plaintiff's Response, p. 5 (emphasis added). By his own words, then, plaintiff concedes that the Secretary must determine the eligibility of the group as a whole, rather than discerning if any one particular worker within the group will meet the threshold requirements. Plaintiff's proffered construction is manifestly flawed. Since two of the three members of the group are not eligible for trade adjustment assistance, it cannot be said that the group is eligible.

Plaintiff next misstates the law by observing that "the statutory preclusion from benefits for individual workers who have been separated for more than a year prior to the date of the petition is not relevant to the initial certification of a group's eligibility." Plaintiff's Response, p. 5. The culmination of plaintiff's argument is that "the Secretary

must first determine whether a petitioning group of workers may be certified as eligible to apply for adjustment assistance before the one year rule even become relevant." *Id.* at 6. As noted earlier, however, the court has previously upheld Labor's decision to deny certification to a group when the entire group was separated more than one year before the filing of the petition. *Westmoreland,* 10 CIT at 787, 650 F.Supp. at 1025–26. Thus, the one-year rule is relevant to the determination of initial certification and has been utilized as a basis to deny certification to a group.

Finally, plaintiff contends that "this court has expressly stated that 'to allow the Secretary to make determinations of eligibility before accepting petitions for filing would undermine the procedural protections afforded by the statute." Plaintiff's Brief at 8, *citing,* USX Corp., 11 CIT at 303, 660 F.Supp. at 964 [6]. This statement represents a misrepresentation of the court's prior holding. Initially, in *USX Corp.,* the court again recognized the validity of Labor's determination to deny certification to a group where no members fell within the one-year requirement. *USX Corp,* 11 CIT at 302, 660 F.Supp. at 964. Such a finding further establishes that Labor acts appropriately by taking the one-year requirement into account when considering certification of a group. Moreover, the court specifically left open the question of what effect the ultimate eligibility of individual petitioning members of a group should have in filing a petition on behalf of a group. *Id.* Indeed, the concerns cited by plaintiff which were raised in *USX Corp.* regarding the propriety of the Secretary to refuse to accept petitions are inapplicable to the circumstances surrounding this case [7].

---

**6.** Plaintiff mistakenly asserts that the court has never found a group to be invalid on the basis that two of its three members were legally barred from receiving assistance. In making this claim plaintiff ignores *Pauling v. Reich,* 20 CIT ——, 930 F.Supp. 618 (CIT 1996), where the court made exactly that determination.

**7.** In *USX Corp.,* the court, without specifically passing judgment, speculated as to the propriety of allowing Labor to bar the filing of a petition based on the statute's eligibility requirements. The court noted that "[i]n most circumstances, to allow the Secretary to make determinations of

eligibility before accepting petitions for filing would undermine the procedural protections afforded by the statute." *USX Corp.,* 11 CIT at 303, 660 F.Supp. at 964. However, here, those concerns are not applicable. Both in the present case, as well as in *Pauling,* Labor accepted the petition, conducted an investigation, and only then made a negative determination. In fact, there was a voluntary remand and second determination made by Labor in the instant matter. Accordingly, Labor's denial of certification based on the eligibility of the group did not in any manner impinge on the procedural rights of any petitioner.

While mindful that this decision, like the holding in *Pauling,* effectively denies potential assistance to the one worker who timely files a petition for assistance, as well as any non-petitioning workers who might have been eligible, such a result is unavoidable. This finding is consistent with previous rulings affirming Labor's rejection of petitions filed on behalf of one person or by a group in which no members timely filed. *See e.g., Cohen,* 13 CIT at 763, 1989 WL 107355; *Westmoreland,* 10 CIT at 790, 650 F.Supp. at 1023. One person, even one potentially eligible for ultimate assistance, cannot alone overcome the requirement that the petition be filed on behalf of a group. In the case at bar, two of the three petitioning workers were separated from employment more than a year before the petition was filed. The court accepts Labor's interpretation of the Trade Act that because those individuals cannot be covered by the certification, they therefore cannot serve as representatives of the petitioning group. Since there is only one individual who could represent the petitioning group, and this court has made clear that one person fails to constitute a group of workers, the petition is invalid and certification was properly denied.

## CONCLUSION

In consideration of the foregoing, the court concludes that the petition filed was invalid and therefore grants defendant's motion. Accordingly, it is ordered that this action be, and it hereby is, dismissed with prejudice.

**IT IS SO ORDERED.**

**ORDERED** that defendant's motion to dismiss is granted; and it is further

**ORDERED** that the case be dismissed with prejudice.

United States Court of
International Trade.