**WASHINGTON INTERNATIONAL IN-
SURANCE CO., Plaintiff–Appellee,**

v.

**The UNITED STATES,
Defendant–Appellant.**

**No. 88–1334.**

United States Court of Appeals,
Federal Circuit.

Dec. 22, 1988.

Wayne Jarvis, Wayne Jarvis, Ltd., Chicago, Ill., argued for plaintiff-appellee. With him on the brief was Paul McCambridge, of Tribler & Marwedel, Chicago, Ill., of counsel.

A. David Lafer, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., argued for defendant-appellant. With him on the brief were John R. Bolton, Asst. Atty. Gen. and David M. Cohen, Director.

Before MARKEY, Chief Judge, SMITH, and BISSELL, Circuit Judges.

BISSELL, Circuit Judge.

The interlocutory order of the United States Court of International Trade, *see Washington Int'l Ins. Co. v. United States,* 678 F. Supp. 902 (Ct. Int'l Trade 1988), denying the government's motion to strike the demand of Washington International Insurance Co. (Washington) for a jury trial, is reversed.

## BACKGROUND

A cargo of cheese became unsuitable for sale during shipment into the United States. The United States Customs Service (Customs) appraised and liquidated the merchandise at an export value of $160,-000. As the importer's surety, Washington paid the liquidated duties and protested the appraisal, complaining that the cheese should have been valued at the salvage price of $7,406.08. Customs denied the protest and Washington subsequently brought suit against the United States in the Court of International Trade under 28 U.S.C. § 1581(a) (1982).

Washington demanded a jury trial and the government moved to strike. The Court of International Trade granted a motion by Washington to have the issue resolved by a three-judge panel. *Washington Int'l Ins. Co. v. United States,* 659 F.Supp. 235 (Ct. Int'l Trade 1987). The court, with Chief Judge Re dissenting, denied the motion to strike under the Seventh Amendment to the United States Constitution. *Washington,* 678 F.Supp. at 917. Thereafter, the order was certified for interlocutory appeal pursuant to 28 U.S.C. § 1292(d)(1) (1982).

## ISSUES

1. Whether 28 U.S.C. § 1876 (1982) grants the right to a jury trial in the Court of International Trade.

2. Whether the Seventh Amendment guarantees the right to a jury trial in a Court of International Trade action against the United States under 28 U.S.C. § 1581(a).

## OPINION

■ A right to a jury trial in federal court must arise out of the Seventh Amendment or be granted by a federal statute. *See* Fed.R.Civ.P. 38(a). Washington contends that 28 U.S.C. § 1876 grants and the Seventh Amendment guarantees a right to trial by jury in this case.

### I

■ We agree with the Court of International Trade that section 1876 does not grant Washington a right to a jury trial. *See Washington,* 678 F.Supp. at 905, 917. Section 1876 is an enabling statute which simply "sets forth the necessary mechanisms for the court to conduct a jury trial." H.R.Rep. No. 1235, 96th Cong., 2d Sess. 63, *reprinted in* 1980 U.S.Code Cong. & Admin.News 3729, 3775. It does not specify which actions entitle parties to jury trials, but rather sets forth the procedures to be followed when a Court of International Trade action is tried before a jury. *See* 28 U.S.C. § 1876. A party "in an action against the United States has a right to trial by jury only where Congress has affirmatively and unambiguously granted that right by statute." *Lehman v. Nakshian,* 453 U.S. 156, 168, 101 S.Ct. 2698, 2705, 69 L.Ed.2d 548 (1981). Section 1876 does not affirmatively and unambiguously grant Washington a trial by jury in this action against the United States.

### II

■ The Seventh Amendment preserves the right to a jury trial in those actions in which the right existed at common law when the amendment was adopted in 1791. *See Dimick v. Schiedt,* 293 U.S. 474, 476, 55 S.Ct. 296, 297, 79 L.Ed. 603 (1935). An action *against* the government, however, is not a suit at common law within the purview of the Seventh Amendment. "It has long been settled that the Seventh Amendment right to trial by jury does not apply in actions *against* the Federal

Government." *Lehman,* 453 U.S. at 160, 101 S.Ct. at 2701 (emphasis supplied); *see also Galloway v. United States,* 319 U.S. 372, 388–89, 63 S.Ct. 1077, 1086, 87 L.Ed. 1458 (1943) (noting that the right to a jury trial did not exist at common law for monetary claims against the United States).

■ The Court of International Trade held, however, that *Tull v. United States,* 481 U.S. 412, 107 S.Ct. 1831, 95 L.Ed.2d 365 (1987), requires the right to a jury trial even in actions *against* the government under section 1581(a). *Washington,* 678 F.Supp. at 917. In *Tull,* the Supreme Court considered a suit brought *by* the government seeking civil penalties under the Clean Air Act. *Tull,* 107 S.Ct. at 1833. The Court held that the right to a jury existed because such a suit was "clearly analogous to the 18th-century action in debt," an action which carried the right to a jury trial. *Id.* at 1836. Washington argues here that the common law action in debt against the customs officer individually for recovery of excess customs duties— an action wherein the right to a jury trial at least arguably existed—is the substantial equivalent of an action under section 1581(a) and therefore gives rise to the jury trial right.

A section 1581(a) suit against the United States is quite different from a suit against an individual. Sovereign immunity shields the United States from suit unless immunity is waived. *Lehman,* 453 U.S. at 160, 101 S.Ct. at 2701. When Congress waives immunity, a "plaintiff has a right to a trial by jury only where that right is one of 'the terms of [the Government's] consent to be sued.'" *Id.* (quoting *United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976)). Because actions *against* the government are not analogous to actions *by* the government, *Tull* does not require the Court of International Trade to grant Washington's jury demand.

## CONCLUSION

Because neither section 1876 grants nor the Seventh Amendment guarantees the right to a jury trial, we reverse and instruct the Court of International Trade to strike Washington's demand for a jury.

REVERSED.