**HALPERIN SHIPPING CO., INC., Plaintiff,**

v.

**UNITED STATES, Defendant.**

**Court No. 87-02-00371.**

U.S. Court of International Trade.

Nov. 14, 1989.

---

mand for a jury trial in an action brought by plaintiff pursuant to 28 U.S.C. § 1581(a) (1982). The government contends that no right to a jury trial is provided to plaintiff by either a statute of the United States or the United States Constitution and a jury trial is thus precluded under *Washington International Ins. Co. v. United States*, 863 F.2d 877 (Fed.Cir.1988), *cert. denied*, — U.S. ——, 109 S.Ct. 3157, 104 L.Ed.2d 1020 (1989). Plaintiff argues, *inter alia*, that the relevant statutes authorize a jury trial in this case, the Constitution preserves a jury trial and this Court has discretion to order a jury trial.

Since plaintiff has failed to make a meaningful distinction between this case and *Washington International*, and since there are not sufficiently persuasive reasons to invoke its discretionary power to order a jury trial, this Court grants defendant's motion to strike plaintiff's demand for a jury trial.

## BACKGROUND

Plaintiff brings this action to recover an alleged duplicate payment of duties to the United States Customs Service (Customs). Plaintiff claims Customs' failure to follow its regulations and its negligence permitted plaintiff's broker to abscond with duties allegedly paid by plaintiff to the broker for payment of duties to the government. Plaintiff claims its broker was an agent of the government, and that plaintiff was not given timely notice by Customs of the non-receipt of the funds. Subsequent to this Court's denial of the government's motion to dismiss, *see Halperin Shipping Co., Inc. v. United States*, 13 CIT ——, Slip Op. 89–78, 1989 WL 61811 (June 6, 1989), plaintiff timely demanded a jury trial.

Serko & Simon, Joel K. Simon, David Serko, Matthew G. Shaw and Leibert L. Greenberg, New York City, for plaintiff.

Stuart M. Gerson, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Civ. Div., U.S. Dept. of Justice, Washington, D.C., Joseph I. Liebman, Atty. in Charge, International Trade Field Office, New York City, Al J. Daniel, Jr., for defendant.

## OPINION AND ORDER

CARMAN, Judge:

The defendant United States (the government) moves this Court to strike the de-

## CONTENTIONS OF THE PARTIES

Plaintiff claims as its statutory basis for its jury demand 28 U.S.C. § 1585 (1982) and 28 U.S.C. § 2631(a) (1982).[1] Plaintiff also

---

1. 28 U.S.C. § 1585 provides as follows:
 **Powers in law and equity**
 The Court of International Trade shall possess all the powers in law and equity of, or as

conferred by statute upon, a district court of the United States.
28 U.S.C. § 2631(a) provides as follows:
Persons entitled to commence a civil action

asserts a constitutional claim under the Seventh Amendment claiming that the nature of this action is based upon the common law forms of action for assumpsit, conversion or negligence, causes of action for which plaintiff contends a jury trial is guaranteed by constitutional right. Plaintiff also invokes this Court's equity powers, Court of International Trade Rules 39(a)-(c) and the legislative history of the Customs Courts Act of 1980 to support its request for this Court to employ its discretion to grant plaintiff a trial by jury.

The government argues that plaintiff's case is nothing more than an action against the United States for the recovery of monies under 28 U.S.C. § 1581(a) and that plaintiff is not entitled to a jury trial under the holding of *Washington International,* the statutes and the Constitution.

## DISCUSSION

In *Washington International,* plaintiff Washington International Insurance Co. (Washington), a surety, paid liquidated duties to Customs and thereafter protested the appraisal of the merchandise. Upon denial of the protest, Washington brought suit in this Court pursuant to 28 U.S.C. § 1581(a). Washington demanded a jury trial and the government moved to strike. Washington contended it had a statutory right to a jury trial under 28 U.S.C. § 1876 and a constitutional right at common law in the nature of an action in debt. In reversing a three-judge panel decision of this Court granting the jury demand, the Court of Appeals for the Federal Circuit rejected these claims finding that section 1876 of title 28 does not grant a right to a jury trial. The Court of Appeals also held that an action against the government for mon-

ey under section 1581(a) of title 28 does not give rise to a jury trial in this Court under the Seventh Amendment. 863 F.2d at 878–79. The *Washington International* Court observed that the "right to a jury trial in federal court must arise out of the Seventh Amendment or be granted by a federal statute." *Id.* at 878.

### *Statutory Claims*

Analyzing Washington's statutory claim, the *Washington International* Court noted, following Supreme Court precedent, that the right to a jury trial must be affirmatively and unambiguously granted by statute in order for the government to have waived its sovereign immunity from suit. *Id.* It found section 1876, pertaining to procedures for jury trials, did not meet this test.[2]

 Similarly, it is clear to this Court that neither section 1585 nor section 2631(a) of title 28 provides an affirmative or unambiguous right to a jury trial in this Court. Section 1585 of title 28 outlines the powers of this Court in law and equity to provide relief once jurisdiction has been obtained over the parties and the subject matter. *See Rhone Poulenc, Inc. v. United States,* 880 F.2d 401 (Fed.Cir.1989). In conferring upon this Court all the powers in law and equity of a district court, the statute itself neither enlarges nor restricts any statutory right to a jury trial that plaintiff may have in this case; rather, it empowers this Court to preside over the jury trial should an independent basis for its invocation be provided.

Section 2631(a) of title 28 merely establishes which parties are entitled to sue in the Court of International Trade upon deni-

(a) A civil action contesting the denial of a protest, in whole or in part, under section 515 of the Tariff Act of 1930 may be commenced in the Court of International Trade by the person who filed the protest pursuant to section 514 of such Act, or by a surety on the transaction which is the subject of the protest.

2. Section 1876 of title 28 sets out the procedures for jury trials in this Court. Among other matters it sets out who shall summon and select the jury, juror qualification and compensation and the procedures for challenging jurors. The

Court in *Washington International,* stated that section 1876 "is an enabling statute which simply 'sets forth the necessary mechanisms for the court to conduct a jury trial.' H.R.Rep. No. 1235, 96th Cong., 2nd Sess. 63, *reprinted in* 1980 U.S.Cong.Code & Admin.News 3729, 3755. It does not specify which actions entitle parties to jury trials, but rather sets forth the procedures to be followed when a Court of International Trade action is tried before a jury." 863 F.2d at 878.

al of a protest by Customs. Neither of these statutes even remotely grants an affirmative and unambiguous right to an importer to sue the United States government for the recovery of money.

### Constitutional Claim

■ The *Washington International Court*, in addressing Washington's constitutional claim to a jury trial, noted that the "Seventh Amendment preserves the right to a jury trial in those actions in which the right existed at common law when the amendment was adopted in 1791." 863 F.2d at 878 (citing *Dimick v. Schiedt*, 293 U.S. 474, 476, 55 S.Ct. 296, 296–297, 79 L.Ed. 603 (1935)).[3] The Court of Appeals found that "[a]n action *against* the government is not a suit at common law within the purview of the Seventh Amendment." *Id.* (emphasis in original). In concluding that the "Seventh Amendment right to trial by jury does not apply in actions *against* the Federal Government," the Court of Appeals found that suits brought pursuant to 28 U.S.C. § 1581(a) are suits against the government. *Id.* at 878–79 (emphasis in original) (quoting *Lehman v. Nakshian*, 453 U.S. 156, 160, 101 S.Ct. 2698, 2701, 69 L.Ed.2d 548 (1981)). Consequently, plaintiff's claim that this action, which was filed under 28 U.S.C. 1581(a), should be viewed as akin to the common law actions of assumpsit, conversion or negligence, cannot prevail. Furthermore, plaintiff has failed to offer any authority upon which this Court could base a contrary conclusion.

### Advisory Jury

■ Plaintiff invokes Rules 39(a)–(c) of this Court to support its request that this Court exercise its discretion and allow an advisory jury trial notwithstanding a determination by this Court that a jury trial is not guaranteed as of right to plaintiff in this case by the Constitution or any statute. Although plaintiff styles this application as one pursuant to USCIT Rules 39(a)–(c), only Rule 39(c) is relevant to the issue of advisory jury trials.[4] In its entirety Rule 39(c) states:

In all actions not triable of right by a jury the court upon motion or on its own initiative may try any issue with an advisory jury or, except in actions against the United States when a statute of the United States provides for trial without a jury, the court, with the consent of the parties, may order a trial with a jury whose verdict has the same effect as if trial by jury had been a matter of right.

Since the government does not consent to a jury trial, the only question before this Court is whether an advisory jury should be empaneled under this rule.

Plaintiff claims an advisory jury will aide this Court in determining questions of fact relating to the alleged role of the broker as an agent of the government and whether Customs' actions were negligent or grossly negligent. Plaintiff also claims a jury trial would serve the interests of all parties concerned including the Court and would visit no disruption on this Court's schedule.

While it appears to this Court that Rule 39(c) does not preclude this Court from granting, in its discretion, an advisory jury trial to plaintiff, this Court nevertheless declines to do so. In light of the fact that even with an advisory jury the ultimate decision, findings of fact and conclusions of law rest upon the trial judge, and that this Court has discretion to accept or reject the advisory jury's verdict, considerations of

---

**3.** The Seventh Amendment states:

In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law.

U.S. Const. amend. VII.

**4.** Plaintiff relies on *United States v. Priority Products*, 9 CIT 392, 395, 615 F.Supp. 593, 597

(1985), to support its request for an advisory jury trial. In that case, the Court fashioned a five part test for examining requests for jury trials pursuant to Rule 39(b). The test addresses situations, such as the inadvertent waiver of a jury trial, where the demand for a jury trial might otherwise have been made as of right under Rule 39(b). Since plaintiff does not have a cognizable claim to a jury trial as a matter of right, plaintiff's reliance on *Priority Products* is misplaced.

judicial economy counsel against empaneling an advisory jury in this case. *See Wilson v. Prasse*, 463 F.2d 109, 116 (3d Cir.1972); *Sheila's Shine Products, Inc. v. Sheila's Shine, Inc.*, 486 F.2d 114, 122 (5th Cir.1973); *and see generally*, 9 C. Wright & A. Miller, *Federal Practice and Procedure*, § 2335 (1971).

## CONCLUSION

On the basis of the foregoing, this Court holds plaintiff has failed to establish either a statutory or constitutional basis for its claimed right to a jury trial. Furthermore, this Court in its discretion declines to empanel an advisory jury. The government's motion to strike plaintiff's demand for a jury trial is granted.