**Slip Op. 99-7**


# UNITED STATES COURT OF INTERNATIONAL TRADE


| | |
|---|---|
| JACK A. ERDLE, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | **Court No. 97-09-01514** |
| : | **BEFORE: CARMAN, CHIEF JUDGE** |
| UNITED STATES, : | |
| : | |
| Defendant. : | |
| : | |


Plaintiff moves for summary judgment pursuant to U.S. CIT R. 56(a), contending he is entitled to judgment as a matter of law because the United States Customs Service (Customs) improperly classified the merchandise at issue under subheading 7116.10.10 of the Harmonized Tariff Schedule of the United States (HTSUS) and instead should have classified it under subheading 7101.10.30, HTSUS. Plaintiff seeks attorney's fees and costs and if summary judgment is denied demands a jury trial. Defendant cross-moves for summary judgment pursuant to U.S. CIT R. 56, contending that it is entitled to judgment as a matter of law because Customs properly classified the merchandise at issue under subheading 7116.10.10, HTSUS.

*Held*: The Court finds there are genuine issues of material fact requiring trial. Plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment are denied. Plaintiff's motion for attorney's fees and costs is denied. Plaintiff's alternative demand for a jury trial is vacated.

Date: January 15, 1999


*Office of Stephen D. Rogoff (Stephen D. Rogoff, Leonard A. Rosner)*, Rochester, NY, for plaintiff.

*Frank W. Hunger*, Assistant Attorney General of the United States; *Joseph I. Liebman*, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice (*Aimee Lee*); *Sheryl A. French*, Office of the Assistant Chief Counsel for International Trade Litigation, United States Customs Service, of

Counsel, for defendant.

## OPINION

**CARMAN, CHIEF JUDGE:** Plaintiff moves for summary judgment pursuant to U.S. CIT R. 56(a), contending he is entitled to judgment as a matter of law because the United States Customs Service (Customs) improperly classified the merchandise at issue under subheading 7116.10.10 of the Harmonized Tariff Schedule of the United States (HTSUS) and that Customs should have classified it under subheading 7101.10.30, HTSUS. Plaintiff also moves for attorney's fees and costs. If summary judgment is denied plaintiff demands a jury trial. Defendant cross-moves for summary judgment pursuant to U.S. CIT R. 56(b), contending that it is entitled to judgment as a matter of law because Customs properly classified the merchandise at issue under subheading 7116.10.10, HTSUS, and that plaintiff's proposed classification is erroneous as a matter of law. The Court has jurisdiction pursuant to 28 U.S.C. § 1581(a) (1994).

## BACKGROUND

Plaintiff, Jack A. Erdle imported the merchandise at issue, as well as other items that were purchased while on vacation with his wife in East Asia, into the United States through San Francisco International Airport in a single importation on October 31, 1996. The merchandise at issue consisted of south sea natural pearls on a string and a gold clasp. The clasp was unattached to the string or the pearls. On purchase invoice number 14188, the merchandise at issue was described as "One St South Sea Pearl Necklace" and "One pl gold clasp" and the two items were valued together at $22,800. (Plaintiff's Motion for Summary Judgment (PMSJ), Exhibit A-1.)

The other items imported by plaintiff included two "pc" of "loose south sea pearls," invoice number 36484, and three "str. of cultured pearls," invoice number 2097, and were valued at $1767 and $3100 respectively.  (PMSJ, Exhibit A-2, Exhibit A-3.)  Customs classified all three sets of pearls and the clasp under subheading 7116.10.25 (articles of cultured pearls), HTSUS, at 8.8% *ad valorem*, and imposed a duty of U.S. $2,627 for all declared items.  No separate duty was imposed for the clasp.

Plaintiff paid the sum demanded but protested the duty imposed on the two "pc" of "loose south sea pearls" as well as the duty imposed on the merchandise at issue.  In a  letter to Customs dated November 19, 1996, plaintiff argued the pearls should be classified under subheading 7101.10.30 (natural pearls graded and temporarily strung for convenience of transport), HTSUS, duty free.  By letter dated February 19, 1997, Customs reassessed the duties for the two "pc" of "loose south sea pearls" at a free rate of duty under subheading, 7101.10.30, and reassessed the merchandise at issue at $1,185.60, classifying it under subheading 7116.10.10 (articles of natural pearls), HTSUS, at 5.2% *ad valorum*.  Customs refunded duties to plaintiff in the amount of $1,085.  Plaintiff still contends that the merchandise at issue should have been classified under 7101.10.30, HTSUS, and initiated this suit to recover the $1,185.60 in duties paid.  Additionally, plaintiff requests attorney's fees and costs, and if summary judgment is denied, demands a jury trial.

CONTENTIONS OF THE PARTIES

A. *Plaintiff*

Plaintiff contends no genuine issues of material fact exist, and he is entitled to judgment as a matter of law. Plaintiff argues Customs improperly classified the merchandise under 7116.10.10, HTSUS, the heading for "articles of natural pearls." Customs made this incorrect classification, according to plaintiff, because it erroneously viewed the merchandise as an unassembled pearl necklace having the "essential character" of an assembled pearl necklace and thus properly classifiable under the heading "articles of natural pearls." Rather, plaintiff argues, "there should be no duty imposed upon the 'South Sea Natural' pearls as same was not an unassembled complete article, nor did it possess the essential characteristics of a complete article." (Plaintiff's Reply Affirmation in Opposition to Defendant's Cross-Motion for Summary Judgment (PRA) at ¶17.) Plaintiff alleges that the merchandise as imported could not have been "worn in public" (PRA at ¶14) and that sufficient components and processes necessary to transform the merchandise into a necklace were missing so that the "items imported by the Plaintiff, did not possess the essential characteristics of the completed necklace." (PRA at ¶15.) Furthermore, plaintiff alleges that the gold clasp was transported in the breast pocket of plaintiff's jacket, separate from the merchandise at issue which was in a bag. (Attorney Affirmation, PMSJ at 4.) Plaintiff further argues that defendant has not established why the gold clasp was considered in conjunction with the pearls of invoice number 14188 and not with the pearls of invoice numbers 36484 or 2097, or for that matter as a souvenir with an entirely different purpose. (Attorney Affirmation, PMSJ at 4-5.) Finally, plaintiff argues the merchandise should have been classified under subheading 7101.10.30, HTSUS, because the

merchandise at issue was pearls "temporarily strung for the convenience of transport." (PRA at ¶3.)

B. *Defendant*

Defendant, contending there are no genuine issues of material fact, argues it is entitled to judgment as a matter of law because Customs properly classified the merchandise at issue. Defendant contends the "imported strung south sea pearls and clasp cannot fall within subheading, 7101.10.30, HTSUS, as temporarily strung natural pearls," (Defendant's Reply Memorandum to Plaintiff's Reply Affirmation in Opposition to Defendant's Cross-motion for Summary Judgment (DRM) at 8) but must instead be classified as an incomplete or unfinished pearl necklace. Defendant notes that under the General Rule of Interpretation of the HTSUS (GRI), 2(a), "incomplete or unfinished" articles that have the "essential character of the complete or finished article" are included under the heading for the complete or finished article. According to defendant, pearl necklaces are properly classified under 7116.10.10, HTSUS, based on the Explanatory Notes to Section XIV 71.16 ( "pearl necklace with a gold fastener" is to be included under heading 7116). Defendant further argues that despite the lack of components and processes alleged by the plaintiff, the merchandise as imported had the "essential character" of a pearl necklace and was therefore classifiable under 7116.10.10, HTSUS, as an unfinished article of pearls. In the alternative, defendant asserts that the additional components and processes alleged to be lacking by the plaintiff were "nominal." Furthermore, defendant notes that plaintiff acknowledges that the merchandise at issue, i.e., the clasp and the pearls of invoice number 14188, were acquired together, and that invoice 14188 describes the pearls as a "south sea pearl

necklace" (DRM at 5). Finally, defendant contends that plaintiff withdrew the argument that the clasp might have been intended for use with the other sets of pearls.[1] In sum, defendant claims that the merchandise "is appropriately classified under subheading 7116.10.10, HTSUS, as an article of natural pearls, incomplete or unfinished, pursuant to GRI 2(a), [and] the Government's [cross] motion for [summary] judgment should be granted." (DRM at 8.)

STANDARD OF REVIEW

This case is before the Court on plaintiff's motion and defendant's cross-motion for summary judgment. Summary judgment is appropriate if, based on the papers before the Court, "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." U.S. CIT R. 56(d). When there is a factual dispute, however, and "a reasonable trier of fact" could return a verdict for the non-movant, summary judgment will be denied. *Ugg Int'l, Inc. v. United States*, 17 CIT 79, 83, 813 F. Supp. 848, 852 (1993). When appropriate, summary judgment is a favored procedural device to "secure the just, speedy and inexpensive determination" of an action. *Sweats Fashions, Inc. v. Pannill Knitting Co., Inc.,* 833 F.2d 1560, 1562 (Fed. Cir. 1987) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S. Ct. 2548, 2555, 91 L. Ed. 2d 265 (1986)) (internal quotations omitted).

---

[1] It would appear defendant is mistaken. It would seem plaintiff did not withdraw the argument that the clasp might have been intended for use with the other pearls as a "pearl necklace," rather plaintiff merely withdrew the assertion that each of the three times he purchased pearls the seller gave plaintiff a free gold clasp. (Stipulated Facts at ¶10; Attorney Affirmation, PMSJ 2, 4-5.)

DISCUSSION

The rules of this Court provide that "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any" shall be examined by the Court in determining whether a genuine issue of material fact exists which precludes summary judgment. U.S. CIT R. 56(d). In evaluating the papers before it, the Court finds genuine issues of material fact requiring trial exist in this matter, and accordingly the Court denies plaintiff's motion and defendant's cross-motion for summary judgment.

Genuine issues of material fact exist in this case. The parties dispute the very nature and character of the merchandise. Plaintiff describes the merchandise at issue as natural pearls, graded and loosely strung on a single string for the convenience of transport. Defendant characterizes the merchandise as an unassembled or unfinished necklace made from natural pearls. While the parties stipulate that the merchandise consists of natural pearls on a single string together with an unattached gold clasp, the record is unclear how the pearls were strung; how the string was knotted; how the pearls were kept on the string; and the type and nature of the string. It is not clear if the clasp is designed for a pearl necklace or some other purpose. The record does not disclose the value or size of the clasp. Therefore, based on the record the Court is unable to determine whether the merchandise is a complete or finished article, or an incomplete and unfinished article having the essential character of a pearl necklace. As the nature and character of the merchandise affects whether it should be classified as an incomplete

or unfinished pearl necklace under the subheading for articles of natural pearls, 7116.10.10, HTSUS, at 5.2% *ad valorum*, or whether it is simply an assemblage of pearls loosely strung for the convenience of transport, and classified under the subheading for natural pearls, graded and temporarily strung for convenience of transport, 7110.10.30, HTSUS, duty free, this Court must deny both motions for summary judgment.

Where there are material facts at issue on a motion for summary judgment, the Court cannot examine the evidence and make findings of fact. *See Bausch & Lomb*, *Inc. v. United States*, 148 F. 3d 1363, 1365 (Fed. Cir. 1998). Because the Court finds there are material facts at issue, plaintiff's motion and defendant's cross-motion for summary judgment are denied.

Plaintiff has not demonstrated grounds upon which its application for attorney's fees and costs should be granted. Plaintiff's application for attorney's fees and costs therefore is also denied. Additionally, plaintiff's demand for a jury trial in this matter is vacated. *See Washington Int'l Ins. Co. v. United States*, 863 F.2d 877, 879 (Fed. Cir. 1988); *Halperin Shipping Co., Inc. v. United States*, 725 F. Supp. 1259, 1263 (CIT 1989).

CONCLUSION

Plaintiff's motion and defendant's cross-motion for summary judgment are denied. Plaintiff's motion for attorney's fees and expenses is denied. Plaintiff's alternative demand for a jury trial is vacated. Parties are directed to file a joint proposed Pretrial Order within 30 days from the date herein.

_____
Gregory W. Carman, Chief Judge

Dated: January ____, 1999
      New York, New York